*D. D. Dykeman*, for appellee.

―――――♦―――――

## Harris *v.* The State.

Witness.—*Evidence of Character of.*—Where there has been an attempt to impeach a witness by proof of statements out of court contrary to what he has testified at the trial, the party calling him has the right to sustain him by proof of general good character for truth.

New Trial.—*Charge to Jury.*—A misstatement of the law in the charge to the jury on the trial of an indictment, which, under all the circumstances, could not prejudice the defendant, is not a good cause for a new trial.

APPEAL from the Wayne Criminal Circuit Court.

Gregory, J.—The appellant was indicted for an assault and battery with intent to commit a rape; a trial was had before a jury, and a verdict of guilty of assault and battery only; fine five hundred dollars. Motion for a new trial overruled.

The court, over the objection of the defendant, instructed the jury that, " inasmuch as counsel on both sides have spoken to you about the reputation and good character of both the defendant and prosecuting witness, Ellen Patty, it becomes my duty to say to you that you should give no time

to the discussion of the general character of either of these persons, for the simple reason that there has been no testimony in regard to the general character of either.

" Counsel for the defendant offered no evidence touching the character of their client, but you must not therefore fall into the error of inferring that his general character is not good. If his general character had been shown to be good it would have been a circumstance in his favor, and it would have been my duty to charge you as to the tendency and effect of that proof. As the evidence stands it simply amounts to this, viz., that you must entertain no presumptions whatever as to the general character of the defendant, because there is no evidence whatever on which you can base a presumption in reference thereto.

" So also, with regard to the general character of Ellen Patty. It is a matter, or rather a subject, on which there is not one particle of evidence. The defense has not offered any testimony as to the general character of Mrs. Patty, and counsel for the State had no right to produce evidence that her general reputation is or was good.

" To speak more directly of the facts of this case, Ellen Patty made a certain statement in the course of her examination as a witness for the State, or rather, to be more exact, the defense, on her cross-examination, asked her, whether she had not made a certain statement to one Martha Harris; she answered in the negative. The defense afterwards called Martha Harris as a witness and attempted to contradict her. How far such attempt succeeded, or whether it entirely failed, is a question for you to determine. I only say that, under these circumstances, I would not have permitted the State to offer the evidence of the good character of Mrs. Patty."

As there was an attempt to impeach Mrs. Patty, the State had the right to sustain her by proof of general good character for truth, but we cannot see how this misstatement of the law could prejudice the appellant.

The jury were plainly told, that they could not, in the

entire absence of proof, indulge in presumptions either way. This was right. The character of the prosecuting witness having been attacked, was open to the State as well as to the defendant. Such character was not a matter peculiarly within the knowledge of either party. The failure to sustain on the one side, or to attack on the other, gave no legal ground for presumptions.

The defendant offered no evidence of the general character of the witness. The court gave the defense the benefit of the attempted contradiction. This was the entire right of the appellant, so far as impeaching the testimony of Ellen Patty was concerned. The court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*W. A. Peele, J. Perry,* and *J. B. & J. F. Julian,* for appellant.

*D. E. Williamson,* Attorney General, for the State.