WILLIAM E. WEBB *v.* THE STATE.

1. Under section sixteen of the act of April 26, 1873, relating to juries, the officers therein named whose duty it is to select from the qualified electors the persons from whom a struck jury is to be made up, are not disqualified from the performance of that duty by the fact that they may have formed or expressed an opinion as to the merits of the cause to be tried.

2. In the trial of a cause the allowing of evidence to be introduced out of its order rests in the sound discretion of the court. The remedy for the abuse of such discretion is by motion for a new trial; and if reviewable on error at all, it is only when taken in connection with all the evidence in the case, it is shown to have prevented the party from having a fair trial.

3. The impeachment of the credit of a witness by showing that he has made statements at other times contradictory of his testimony given on the trial, does not lay the foundation for sustaining him by proof of his re- putation for truth.

4. Evidence can not be given to prove an infamous crime against a witness, of which he has not been convicted, for the purpose of impeaching his credit; yet, where the question as to whether the witness is guilty of such crimes becomes the legitimate subject of inquiry on the trial, his reputation for truth may be proved, to rebut the imputation of guilt which the evidence makes against him.

ERROR to the Court of Common Pleas of Athens county.

Webb was indicted and convicted of forgery. Three grounds of error are alleged to arise on the record, which are in substance as follows:

1. The prosecuting attorney having demanded a struck jury for the trial of the cause, under the act of April 26, 1873 (70 Ohio L. 171, 172), the defendant below, Webb, .objected to the clerk and auditor acting in the selection

of the list of names from which the jury was to be made
up, on the ground that they were disqualified, and moved
that two persons having the proper qualifications be
selected to take the place of such officers. .

On the hearing of the motion, it appeared that the audi-
tor had been a witness for the state at a former trial of the
case; and that both he and the clerk had formed and ex-
pressed the opinion that the defendant was guilty. This
opinion was formed from having heard the evidence at the
former trial. Neither of the officers, as they testified, en-
tertained any ill will toward the defendant; and each also
testified. that his opinion as to the guilt of the defendant
was not such as to affect him in the discharge of his duty
under the statute.

The motion was overruled. The overruling of the mo-
tion was also made the ground of challenge to the array of
the jury. The challenge was also overruled.

2. The second ground of error is that the state was per-
mitted, after the defendant had closed his evidence, to in-
troduce evidence in chief against the objection of the de-
fendant; and that no reason is shown in the record for
allowing such evidence to be introduced out of its order.

3. The third ground of error is that the state was allowed
to give evidence to prove that the reputation for truth of
Frank W. Hill, a witness, was good.

In reference to this ground of error, the bill of excep-
tions shows that after the state had rested in chief, the
defendant offered himself as a witness and was examined,
and called other witnesses, "and gave evidence tending to
show that he did not forge or utter the contract in the in-
dictment described, and that he did get the same from Frank
W. Hill, not knowing that it was forged, at Guysville,
August 9, 1875; and also produced evidence to the jury
tending to prove that said Hill did tell divers persons that
he, Hill, was managing this case, and running it sharp;
and that said Hill had attempted to terrify and intimidate
certain of defendant's witnesses; and that said Hill had.
forged said contract himself."

Frank W. Hill, being called by the state, testified that he, was not at Guysville on the 9th of August, 1875, but was at Marietta, and that he did not at that time, August 9th, or at any time, have said contract in his possession, or deliver it to the defendant.

The defendant then called witnesses, and, as the bill of exceptions states, they "gave evidence tending to show that said Hill had made certain material statements and admissions about said case at divers times off the witness stand, which he now denied having made, and had sworn differently on a former trial from what he did on this trial,. and rested. But the defendant did not at any time offer evidence tending to attack the general reputation for truth of the said Frank W. Hill.

The defendant having rested his case, the state was then allowed to call witnesses, and give evidence to prove that the reputation of said Hill for truth was good.

Exceptions were taken to the rulings complained of; and the present writ of error is prosecuted to reverse the sentence and obtain a new trial.

*C. H. Grosvenor* and *C. Townsend*, for plaintiff in errror:

1. When the clerk of the court and auditor have been witnesses against a defendant in a criminal action on a trial when the jury disagreed, and had formed and expressed opinions that he ought to be in the penitentiary, and ought to be convicted, and have criticised a jury which failed to agree, it is error for the court, upon a motion of the defendant to have other members of the board appointed, under section 16, 70 Ohio L. 172, to refuse the motion and a challenge to the array of such jury. *Beatty* v. *Hatcher*, 13 Ohio St. 119.

2. It is error for a court to permit the state to produce evidence competent in chief in reply, unless some reason is shown upon the record; and in absence of proof that the cause was shown, the court will not presume in favor of the correctness of the ruling. 66 Ohio L. 309, sec. 151.

3. Where the defendant in a criminal prosecution gave

VOL. XXIX— 23

evidence in rebuttal tending to show that a witness for the state had made statements off the stand, which upon the stand he denied making, and also that such witness had sworn to a fact in one trial of the case which he denied in a second, where some months had elapsed, it is error to permit the state to bring proof of the general good reputation of such witness. *Bishop of Durham* v. *Beaumont*, 1 Campb. 207; *Doe* v. *Walker*, 4 Esp. 50; *Doe* v. *Stephenson*, 3 Esp. 248; *Provis* v. *Reed*, 5 Bing. 435; *Russell* v. *Coffin*, 8 Pick. 143; *Rogers* v. *Moore*, 10 Conn. 13; 20 Ib. 354; *People* v. *Hulse*, 3 Hill, 309; *Starks* v. *People*, 5 Denio, 106; *People* v. *Gay*, 3 Seld. 378; *Stamper* v. *Griffin*, 17 Ga. 450; 29 Barb. 617; 2 Met. 581; 6 Gray, 451; *Rex* v. *Clarke*, 2 Stark. 214.

Proof that a witness has made material false statements, which are relied on as proving him unworthy of credit, will not authorize the party calling him to introduce evidence of his general reputation, and the text of 1 Greenleaf Ev., sec. 496, is not sustained by the cases the author cites. *Brown* v. *M.*, 6 Gray, 451–453; *Rex* v. *Clark*, 2 Stark. 214; *Harrington* v. *Lincoln*, 4 Gray, 567, 568.

Evidence of the general good character of a witness is not admissible unless his character for truthfulness is in issue. *Russell* v. *Coffin*, 8 Pick. 143; *Wertz* v. *May*, 21 Penn. St. 274; *Humphrey* v. *Humphrey*, 7 Conn. 116; *Starks* v. *People*, 5 Denio, 106; *Rogers* v. *Moore*, 10 Conn. 13; *Merriam* v. *R. R. Co.*, 20 Conn. 354.

Where a party is charged with a specific fraud, evidence of his general reputation for honesty is inadmissible. *Fowler* v. *Ætna Ins. Co.*, 6 Cow. 673.

*L. M. Jewett*, for defendant in error, on the admissibility of testimony as to the general reputation of Hill for truth, cited 1 Greenleaf Ev., sec. 54, and authorities cited under note 2; 3 Starkie, 1758, side pp.; Greenleaf Ev., sec. 469; *Clarke* v. *Bond*, 29 Ind. 555; *Harris* v. *The State*, 30 Ib. 131; *Shatton* v. *The State*, 45 Ind. 468; 48 Cal. 61; 71 N. C. 14; *State* v. *Cherry*, 63 N. C. 493; *Prentice* v. *Roberts,*

.49 Me. 127; *Burrell* v. *State*, 18 Texas, 713; *People* v. *Rec-tor*, 10 Wend. 569; 3 Hill, 322; *Carter* v *People*, 2 Hill, 317; *Paine* v. *Tilden*, 20 Vt. 554; 13 Ala. 718; *Fisher* v. *Hamil-ton*, 49 Ind. 346; *Provis* v. *Reed*, 5 Bingham, 435, 438; 1 Compt. 207, 210; 4 Esp. 50; 3 Ib. 284; 5 Foster (N. H.), 318; 8 Wend. 602; 6 Blackf. 405; 2 S. & M. 546; 5 A. & S. .364; 1 Hall, 399; 7 Ala. 574.

WHITE, J.    The first question arises on the meaning of section 16 of the act relating to juries.

The section is as follows: "That if either the clerk of the court, auditor, or recorder aforesaid, shall be interested in the cause, or sick or absent from the county, or related to either of the parties, or do not stand indifferent between them, then, in every such case, either one of the judges entitled to hold such court may, in term time or vacation, .appoint some judicious or disinterested person to take the place of such officers so disqualified, in selecting and strik-ing the jury, and to do and perform all things required to .be done by such officer when acting in that behalf."

We do not concur with the counsel of the plaintiff in error in the construction of this section. In expressing this opinion we do not wish to be understood as conceding that the action of the judge in passing upon. the qualifica-tions of the officers to act in selecting the names of persons from whom the jury is to be made up, and in determining upon the selection of others to take their places, can be made the subject of review on error.

If either of the officers named does not stand *indifferent* between the parties, the judge is required to appoint some judicious and *disinterested* individual to take the place of .such officer. It is contended that the same test is to be applied in determining the qualifications of the officer as is applied to a juror.

But the duties of a juror and of the officer are wholly .dissimilar. The juror is to decide the question at issue between the parties, while the officer is merely to select men qualified to insure the parties a fair trial.

If a jury should not be made up from the number returned, the sheriff is to fill the panel from the bystanders, or, on application, the court may select the persons to fill the panel.

If the formation or expression of an opinion as to the guilt or innocence of the defendant disqualified the clerk and auditor, it would seem that a like objection ought to be equally available against the sheriff or judge, and in case the objection existed against the latter, to disqualify him from filling the place of the auditor or clerk.

2. The second ground of error, which relates to the order in which evidence was introduced, is not well taken.

True, the statute prescribes the order of the introduction of evidence; but it also provides that the court may for good reasons, in furtherance of justice, permit evidence to be given out of the prescribed order.

The claim made, that any departure from the regular order, is to be regarded as erroneous unless the record affirmatively shows sufficient reasons for such departure, is without foundation. The presumption is in favor of the correctness of the ruling of the court below.

The allowing of the introduction of evidence out of its order rests in the sound discretion of the court trying the cause. The remedy for the abuse of such discretion is by a motion for a new trial. Criminal Code, sec. 192. And if reviewable on error at all, it is only, when taken in connection with all the evidence in the case, it is shown to have prevented the party from having a fair trial.

The remaining question is whether there was error in allowing the state to give evidence to sustain the reputation for truth of the witness, Hill.

The admissibility of this evidence is claimed by the state on two grounds.

The first ground is that evidence had been given on behalf of the defendant to show that the witness had made material statements and admissions about the case when not a witness, which, when giving his testimony, he denied hav-

ing made; and that he had sworn differently on a former trial from what he did on the trial then on hand.

Whether the impeachment of the credit of a witness, by showing that he has made statements at other times contradictory of his testimony given on the trial, lays a sufficient foundation for sustaining him by proof of his general reputation for truth, is a question which has given rise to great contrariety of decision.

Mr. Greenleaf, in his work on evidence, seems to favor the affirmative of the proposition. 1 Greenl. Ev., sec. 469. Many of the cases bearing on the question are cited in a note to the section in the last edition of the work of Mr. May.

The rule in Vermont is to admit the evidence in such case—*Paine* v. *Tilden*, 20 Vt. 554. So also in Indiana—*Harris* v. *The State*, 30 Ind. 131; and in North Carolina—*Isler* v. *Dewey*, 71 N. C. 14. The same is true of several other states.

The contrary rule, however, prevails in Massachusetts—*Russell* v. *Coffin*, 8 Pick. 143; *Brown* v. *Mooers*, 6 Gray, 451; and in New York—*The People* v. *Hulse*, 3 Hill, 309; *The People* v. *Gray*, 3 Selden, 378; and in Pennsylvania—*Wirtz* v. *May*, 21 Penn. St. 274; and in Georgia—*Stamper* v. *Griffin*, 12 Ga. 450; and in some of the other states.

The practice in this state has not been uniform. The courts in some parts of the state exclude the evidence, while in others we understand it to be admitted.

Where the only impeachment of the witness consists of conduct or of statements made at other times inconsistent with his testimony, the better rule, in our opinion, is not to allow proof of his general character or reputation for truth for the purpose of sustaining his credit.

If the impeaching evidence should appear from the conduct of the witness, or his contradictory statements made during his examination on the trial, it would not be claimed that the effect of such evidence ought to be allowed to be overcome by proof of the general reputation of the witness for

truth. Yet the effect of the impeaching evidence in the two cases would be substantially the same.

Besides, to be exactly just, if the impeached witness is to be sustained by evidence of character, similar evidence ought to be allowed to sustain the impeaching witnesses.

The evil that would result from multiplying collateral issues and in protracting the trial, by allowing such evidence, would, in our opinion, more than counterbalance the good that would be derived from it.

2. The second ground on which the evidence is claimed to be admissible, is that the case attempted to be made against the witness by the defendant's evidence, was that the witness had committed the crime with which the defendant was charged, and that by false testimony, and by his management of the case, and by improperly interfering with the defendant's witnesses, he was attempting to exculpate himself, and convict an innocent man.

The crime charged belongs to the class known as infamous, which includes every species of the *crimen falsi*, such as forgery, perjury, subornation of perjury, and offenses affecting the public administration of justice.

At common law, conviction of such a crime rendered the party infamous and wholly unworthy of credit. Now, by statute, the competency of the party as a witness is restored; but his conviction may still be shown for the purpose of affecting his credibility. The effect of such conviction is to impeach the character of the witness as a man of truth, and where the record of the conviction is used to impeach a witness, his reputation for truth may be proved to rebut its effect.

And while it is true, evidence can not be given to prove an infamous crime against a witness of which he has not been convicted, for the purpose of impeaching his credit, yet where the question as to whether the witness is guilty of such crime becomes the legitimate subject of inquiry on the trial, we think his reputation for truth may be proved to rebut any imputation against his credit which the evidence of guilt makes against him.

*Judgment affirmed.*