Bradbury, C. J.
The plaintiffs in error brought, in the Court of Common Pleas of Cuyahoga county, an action against the defendant in error, upon forty-three promissory notes, as an indorser thereof, the indorsement of which the defendant in error denied. The action was tried to the court and a jury, the real controversy between the parties being whether or not the name of the defendant in error had been written on the several notes by him, or with his authority. The jury found in his favor. Upon this issue his evidence at the trial was emphatic and to a high degree material; and" counsel for plaintiff in error sought to weaken its force by a severe and protracted cross-examination, extending back to certain transactions of his early manhood, in the state of New York, over forty years before the trial. In the course of this cross-examination, the defendant was asked if he had not been confined in the penitentiary of the state of New York. His answers disclosed that he had been confined in the penitentiary of that state, for a short period, before the year 1838, upon a conviction by his confession in open court, of the crime of obtaining property by false pretenses, and *54 that in the year 1838, he also pleaded guilty to an indictment charging forgery against him, and was again confined in the penitentiary of the state of New York, until pardoned by the governor of that state a year or two afterwards. This course of cross-examination was then directed to certain transactions, of Mr. Baldwin in Cleveland, a number of years later, and after'his removal to this state. His answers show that he was, about the year 1854, indicted in Cuyahoga county for perjury, and that probably, though this is not made entirely clear, the indictment was quashed for some defect or insufficiency in its allegations. It further appeared that, about the same time, he was prosecuted for contempt of court, upon the charge of abstracting papers from the files of the court, and found guilty upon a trial, which conviction was reversed by this court upon the ground that he should have been prosecuted by indictment rather than by contempt. 11 Ohio St. 681.
The defendant in error having, without formal objection, in the course of his cross-examination, disclosed these transactions, it was not necessary to introduce the records of the several proceedings had against him, to establish them.
The only object this testimony could accomplish was to discredit the defendant in error.
It was wholly collateral to the question in litigation before the court and jury. Unexplained it could not fail to seriously affect his standing and credit with the jury. To rebut this inevitable consequence, the defendant offered evidence of his general reputation for truth, which was admitted over the objection of the plaintiffs, and it is of this action of the trial court that the plaintiffs in error now complain.
*55 One ground upon which, the plaintiff in error strongly contends against the admissibility of testimony to the defendant’s general good character for truth, is that he had been accorded the privilege of giving his versions of the several transactions while admitting them,' and had availed himself of this privilege to the fullest extent.
It is true that the defendant in error had, while admitting’ the several prosecutions against him and his conviction and imprisonment in respect of them, sought by various explanations, to palliate" or deny his culpability in connection ‘with them; and if those explanations were believed they very greatly reduced the moral turpitude that otherwise would attach to him on account of them. However, that he was charged with these offenses, all involving extreme moral turpitude, convicted of some of them, and confined in the penitentiary of the state of New York twice on account of them, was made clear by his own statements. Whether the jury would give very much weight to his explanations alone might be doubtful; but, however this may have been, and whether, by his demeanor upon the witness stand, he was, or was not, able to impress the jury with a belief that he was, in the commission of those offenses, quite as much or more the victim of circumstances, as the perpetrator of a series of deliberate crimes, yet, in either case, we think, he had a right to put in the scales the weight of many years of upright conduct by which he had established among those who knew him, a reputation for truth, if he had in fact by such conduct established such a reputation.
This court held in Webb v. The State, 29 Ohio St. 351: That “where the question as to whether a witness is guilty of such” (infamous) “crimes be *56 comes the legitimate subject of inquiry on the trial, his reputation for truth may be proved to rebut the imputation of guilt which the evidence makes against him. ” In this case, Webb, who was being tried for forgery, attempted to prove that a witness, who had testified against him, had committed the crime instead of himself; and to rebut the inference of guilt flowing from this proof, the state was permitted to introduce evidence of the general reputation of the witness for truth. In sustaining this ruling of the court of common pleas, Judge White says: “The crime charged’’(forgery) “belongs to the class known as infamous, which includes every species of the crimen falsi, such as forgery, perjury, subornation of perjury, and offenses affecting the public administration of justice.
“At common law, conviction of such a crime rendered the party infamous and wholly unworthy of credit. -Now, by statute, the competency of the party as a witness is .restored; but his conviction may still be shown for the purpose of affecting his credibilty. The effect óf such conviction is to impeach the character of the witness as a man of truth, and where the record of the conviction is used to impeach a witness, his. reputation for truth may be proved to rebut its effect. ’ ’
It is not, we think, material whether the conviction and the resulting- imprisonment of the witness should be established by a record, or by his admissions while on the stand, which renders the production of the record unnecessary; in either case, the fact of his conviction and subsequent imprisonment has been established before the jury, and the reasons which justify the introduction of evidence of his good character for truth is equally applicable to each. Judgment affi/rmed.