(Superior Court of Cincinnati—General Term, 1896.)

## MICHAEL SULLIVAN v. WILLIAM FOGARTY.

*Testimony in Rebuttal*—The court may admit testimony out of its order in its dis-
cretion under sec. 5190, and the record need not show the courts "good reasons
in furtherance of justice." Such discretion of the trial court is only reviewable
after abuse shown.

HOLLISTER, J.

The defendant in error, the plaintiff below, brought an action to
recover $500 upon an alleged express agreement made by the defendant,
the plaintiff in error, to pay one-half the cost of a share of stock, of the
par value of $1,000, claimed to have been taken and paid for by the
plaintiff on the joint account of the parties at the defendant's request.
The defendant denied, generally, and the case was submitted to a jury.

The plaintiff testified, offered some additional evidence, and rested.
The defendant testified in his own behalf, and on cross-examination was
asked this question by plaintiff's counsel: "Didn't you tell M. D. Burke,
in the spring of 1892, either at his, M. D. Burke's house, at his office, or
at your house, that you were the owner of a half interest in a share of
stock in the name of William Fogarty in the East Kennedy Heights
Syndicate, and that you desired to know his opinion of the value of that
stock?" To which the defendant answered: "No, sir."

The defendant, after offering other testimony, rested his case.

Thereupon the plaintiff called M. D. Burke, to whom counsel for
plaintiff propounded this interrogatory: "State whether or not Michael
Sullivan, in the spring of 1892, either at his house, or at your office, or at
your house, said to you that he was the owner of a half interest in a share
of stock in the name of William Fogarty in the East Kennedy Heights
Syndicate, and asked your opinion in regard to the value of the stock?"
Defendant's counsel objected to this question, for the reason that the
testimony sought to be elicited by the question was not in rebuttal of the
testimony by the defendant. The court overruled the objection, exception
was taken, and the witness answered: "Michael Sullivan, in the spring of
1892, at either my house, or at my office, or at his house, showed me a
certificate of stock in the East Kennedy Heights Syndicate, in the name
of William Fogarty, and said that he had a half interest in it, and asked
me my opinion as to its value. I told him that I saw no reason why the
property should not enhance in value."

Thereupon defendant moved that the testimony of M. D. Burke be
stricken from the record and the jury directed not to consider the same;
which motion was overruled, to which ruling the defendant then and
there excepted. The verdict was for the plaintiff. The defendant, failing
to obtain a new trial, prosecutes error to this court to reverse the judg-
ment entered upon the verdict.

The plaintiff in error claims that the court below erred in admitting
the testimony of M. D. Burke.

It is quite clear that the testimony of that witness was admissible
on either of two grounds:

1. The statement of Sulliavn to him was an admission against
interest made by a part to the record. 1 Greenleaf, sec. 171.

2. It was testimony tending to impeach the credit of the defendant
as a witness. 1 Greenleaf, 462; Lamb v. Stewart, 2 Ohio 230; King v.
Weeks, 20 Ohio, 88; Runyan v. Price, 15 Ohio St. 1; Stephens' Dig.,
Art. 131.

As the admissions of the defendant tended to prove the plaintiff's case, Burke was a competent witness for the plaintiff in chief before he rested his case; hence the testimony of Burke, as an admission, was not strictly testimony in rebuttal, since it did not tend to meet, answer or reply to any evidence brought out by the defendant to maintain the issue on his part. Bancroft *r.* Sheehan, 21 Hun 550; Burrill's Law Dict.; Bouvier's Law Dict.

Section 5190, Revised Statutes, provides that: "The party who would be defeated if no evidence were offered on either side, must first produce his evidence, and the adverse party must then produce his evidence.

"The parties shall then be confined to rebutting testimony, unless the court, for good reasons, in the furtherance of justice, permit them to offer evidence in their original case."

The trial judge was therefore authorized to admit this testimony out of its order in the exercise of the discretion vested in him by the law, and for the objects designated by the statute, even in a case where there was no other reason for its admission. Graham v. Davis, 4 Ohio St. 362; Coston v. Paige, 9 Ohio St., 397,399; Webb v. State, 29 Ohio St., 351. And such discretion is reviewable only where the party objecting shows that it has been abused. Morris v. Faurot, 21 Ohio St. 155.

And it is not necessary that the record should show what the "good reasons, in the furtherance of justice," were which induced the court to exercise its discretion. In Morris v. Faurot, the case last cited, the court say, at page 162: "The record is entirely silent as to whether good reasons were or were not shown. We cannot presume error to have intervened. It must appear affirmatively. We assume, therefore, that a proper showing was made for the admission of this testimony." See, also, Webb v. State, 29 Ohio St. 356. And in that case the court say, also, that this discretion, "if reviewable on error at all, it is only when, taken in connection with all the evidence in the case, it is shown to have prevented the party from having a fair trial." Even if there were no other reason for admitting the testimony, it is clear that the defendant was not prejudiced excepting as a party to a law suit is always injured by evidence contrary to his claims in the case.

Besides, the defendant made no effort to show prejudice. He did not claim surprise, nor offer to show that Burke's testimony was untrue, or based on a mistake; nor did he go on the stand to show what the conversation actually was, as he might have done. 1 Greenleaf on Ev., 462.

We must conclude that even if the testimony be considered solely as a part of the plaintiff's case, properly introduceable, during the opening of the plaintiff's case, that it was not error for the court to permit it to be offered in rebuttal.

But the testimony was a direct impeachment of the credit of the defendant on matters relevant to the case. The plaintiff had the right to attack the defendant in that way if he wished. The foundation was laid for the attack by calling the defendant's attention to the time and place of the statement, and to the person with whom it was claimed the conversation was had. The question could not have been asked until the time came to cross-examine the witness. And, after the defendant's denial, there was clearly no way for the plaintiff to prove the statement except by waiting until the defendant had closed his case.

Then, after the impeaching evidence was in, defendant would have had the opportunity, as shown, of going on the stand again himself, or of calling other witnesses, to show what he had in fact said. See, also, Dickson v. State, 39 Ohio St., 73, 79; Wade v. Thayer, 40 Cal., 578; Benefit Association v. Harding, 7 C. C. 438.

We are not required to say whether the foundation for contradiction was laid with sufficient particularity, for the objection was solely on the ground that the testimony was not proper in rebuttal. On this point the Supreme Court say: "Where specific objections are made to the introduction of evidence, this, on error, is a waiver of all other objections in that respect." Kent v. State, 42 Ohio St. 426, 430.

As the court did not err in admitting this evidence, it was, of course, proper to overrule the motion to strike it out.

Judgment affirmed.

Hunt and Smith, JJ., concur.

*L. J. Dolle*, for Plaintiff in Error.

*Edward Dienst*, for Defendant in Error.