ROSA REDER, estate of, on complaint of JACOB REDER, et v IKE REDER

Ohio Appeals, 9th Dist, Summit Co
No 1684. Decided April 8, 1930

Johnathan Taylor, Akron, for Plaintiff in Error.

R. H. Nesbitt, Akron, for Defendant in Error.

PER CURIAM

The only error complained of is that the trial court, over objection, permitted evidence to be given and considered by the jury as to the good reputation of Ike Reder for truth.

It is conceded that in a criminal prosecution, where the question of whether a witness is guilty of a crime involving moral turpitude becomes a legitimate subject of inquiry on the trial, his good character for truth may be established by adducing evidence of his general reputation in that respect.

**Webb v. State, 29 OS. 351.**

While it is a general rule that a party cannot fortify the credit of his witness by proving good character for truth until the credibility of the witness has been assailed, it is also settled that where evidence is offered directly attacking the credibility of a witness, evidence to sustain the witness's credibility is clearly competent in civil as well as criminal cases.

Therefore, in order to show that the admission of evidence of the good reputation of Ike Reder was error, it is incumbent upon the complainant to show by the record that Ike Reder's reputation was not directly attacked.

The record in this case does not so show, for only a small part of the testimony adduced at the trial is shown in the bill of exceptions, and the trial judge did not certify that no such evidence was introduced; on the contrary, the trial judge certified that the bill of exceptions contains only about one-fifth of the evidence offered upon the trial and that "there is not a complete record showing the acts and conduct of the defendant, Isaac Reder, tending to prove acts involving moral turpitude, in rebuttal whereof testimony as to reputation was permitted to be introduced."

The record contains all of the testimony of Ike Reder on cross-examination and it therefore seems that said certificate of the trial judge is a declaration that there was evidence constituting a direct attack upon the credibility of Ike Reder and that said attack was in reference to his acts and conduct involving moral turpitude and that the evidence about which complaint is made was admitted to counteract such attack.

But regardless of whether the certificate of the trial judge means what we have just indicated, it is sufficient to preclude us from finding that there was no direct attack upon the credibility of Ike Reder when only one-fifth of the testimony appears in the record.

Under the state of the record we cannot say it was error to admit evidence as to the good reputation of Ike Reder for truth.

Funk, PJ., Pardee, J., and Washburn, J., concur.