Defendant claims that the trial court committed prejudicial and reversible error in the following particulars, namely:
(a) In refusing to permit counsel for defendant to cross-examine Ben Weiser, the driver of the truck at the time of the fire, as to other fires in which he was involved,
(b) In refusing to permit the witness, Albert L. Soper, to testify as to the complete conversation which took place between himself, as appraiser for defendant, and Louis Press, as appraiser for plaintiff, at a time when it is conceded that the appraisement failed and after Kornreich's indictment for arson.
We attach no importance to this assignment of error and do not consider it.
(c) In refusing to allow defendant to cross-examine plaintiff as to his occupation from February 20, 1932, the date of the fire, to the date of the trial,
(d) In refusing to permit defendant to cross-examine Kornreich as to his confessed participation in the Middle West Hat Company fire on St. Clair avenue in Cleveland, Ohio, nine months after the fire concerning which this action is brought,
(e) In refusing to permit defendant to cross-examine Kornreich as to his other criminal activities.
Defendant claims that inasmuch as it defended this action on the grounds of misrepresentation and conspiracy, a wide latitude should have been allowed in the cross-examination of the alleged conspirators. *Page 86 
It is not claimed that the questions were relevant to the issues, but it is claimed that they were competent as reflecting upon the credibility of the witnesses who were parties to the action and were the alleged conspirators.
The trial judge may exercise a sound discretion as to the limits of cross-examination, but he has no such discretion as to the legitimacy of such cross-examination.
The competency of a witness is a question for the court. His credibility must be determined by the jury.
Parties to the record could not testify at common law, either for themselves or their co-suitors; neither could they be compelled to testify for the adverse party.
No person was permitted to testify at common law who had committed and been legally convicted of treason, a felony, or any of the crimen falsi. Crimen falsi was characterized as any crime which might injuriously affect the administration of justice by the introduction of falsehood and fraud. The disability of parties and persons who had been convicted of infamous crimes to testify has been removed both in England and in the United States, but it is sometimes enlightening to recur to the original law and make mental inquiry as to its purpose.
These common-law disabilities have been removed in criminal cases in Ohio by Section 13444-2, General Code, and in civil cases by Section 11493, General Code, which latter section we quote:
"All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
We have likewise certain inhibitory statutes, providing that parties and particular persons shall not *Page 87 
testify in certain cases. We do not regard it as necessary to the determination of the questions here involved to refer to them.
Parties were excluded from the witness chair because of their interest in the case and the natural, consequent tendency to color the facts in their own favor.
Persons who had committed treason, felony or any of thecrimen falsi were excluded, because neither court nor jury could be expected to know when they were telling the truth.
The crimen falsi of the common law was carried into the law of Ohio by this court in its reasoning in the case of Webb v.State, 29 Ohio St. 351. See page 358.
The general tendency in Ohio has been to relax the old rules in the furtherance of justice, in so far as it may be done without invading substantial rights. This tendency is evidenced by the enactment of Section 13444-19, General Code, effective July 22, 1929, namely:
"In any criminal case where the defendant's motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing the act in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or subsequent crime by the defendant."
This section has in effect been held by this court to be constitutional, hence it must be concluded that it violates no constitutional right of an accused person.
It is provided by Section 13444-2, General Code, that: "No person shall be disqualified as a witness in a *Page 88 
criminal prosecution by reason of his interest in the event thereof as a party or otherwise, or by reason of his conviction of crime. * * * Such interest, conviction or relationship may be shown for the purpose of affecting the credibility of such witness. * * *"
These sections are referred to for the purpose of showing the strides that have been made by the law in its departure, from the common-law disabilities.
Collateral attacks on character and reputation have at all times received the closest scrutiny from the courts, but they have crept into the law to a limited extent.
These collateral attacks must be made in good faith within the prescribed limitations, else a trial would develop into a puppet show. The jury has the right to and should understand the character of the person on whose testimony they are required to act; and the value of cross-examination, the most important test of truth, should not be sacrificed to the feelings of the witness, and no great injustice is done to any individual upon whose oath the property or personal security of others is to depend in showing to the jury his real character, provided always that it is done in accordance with the laws of the forum.
We indulge a short resume of the Ohio cases dealing with cross-examination on collateral matters as affecting credibility.
 This court held, in the case of Wroe v. State, 20 Ohio St. 460, in the fourth paragraph of the syllabus:
"The limits to which a witness may be cross-examined on matters not relevant to the issue, for the purpose of judging of his character and credit from his own voluntary admissions, rests [rest] in the sound discretion of the court trying the cause. Such questions may be allowed when there is reason to believe it will tend to the ends of justice; but they ought to be excluded when a disparaging course of examination *Page 89 
seems unjust to the witness, and uncalled for by the circumstances of the case."
Judge McIlvaine said, in the opinion in the case ofCoble v. State, 31 Ohio St. 100, at page 102:
"If it be claimed by the state that this record contradicted the testimony of the defendant below, it is enough to say, that the state was concluded by the answer of the defendant to the question, 'How many times have you been arrested?' Although, on cross-examination, such question is admissible, an answer thereto can not be enforced, and, if it be voluntarily given, the state is bound by the answer."
In this expression of the law, the distinguished judge was following the weight of authority as of that time, viz., 1876.
 Judge Okey, in the case of Hamilton v. State, 34 Ohio St. 82, said, at page 86:
"In permitting the counsel for the state to cross-examine the witness Hafner, for the purpose of eliciting the fact that indictments were pending against him, there would have been no error, if the inquiry had been limited to that fact."
Wroe v. State, supra, is cited in support of this statement of the law.
In the case of Wagner v. State, 115 Ohio St. 136,152 N.E. 28, Wagner was on trial for forgery and uttering of a forged instrument. He testified in his own defense, and on cross-examination counsel for the state was permitted, over the objection and exception of Wagner, to ask him if he had not been indicted for other acts of forgery and of obtaining money by false pretenses. He admitted he had been. He was at no time asked whether he had ever been convicted on any of the other indictments.
In a per curiam opinion this court condemned such practice and, in effect, held that such questions were impertinent, incompetent and prejudicial, and it reversed the judgment of conviction. It further held that *Page 90 
the only proper question under such circumstances was whether the witness had been convicted of the offenses concerning which inquiry had been made.
The cases of Wroe v. State and Coble v. State, supra, were not in any wise referred to and this is understandable, as there was nothing in the syllabus in either case that demanded comment.
The case of Smith v. State, 125 Ohio St. 137, 180 N.E. 695, is not in point and we do not consider it. Under the doctrine of stare decisis we must accept the rule as announced in theWagner case, supra, namely, that the only proper course to follow when cross-examining a witness with reference to collateral offenses, for the purpose of affecting his credibility, is to ask him whether he has been convicted of the offenses in question.
We are of opinion that there should be another qualification, namely, that such cross-examination should be confined to those offenses which as a matter of law do affect credibility, viz., treason, felony and crimen falsi.
It would be most unfair to a witness to ask him on cross-examination for the purpose of affecting his credibility, whether or not he had been convicted of assault and battery. The nature of the offense of assault and battery in no wise reflects upon credibility.
We are announcing no new law. This has always been the law and is the law today.
Surely the rule in the Wagner case, supra, does not go so far as to shut out a plea of guilty or a confession. A plea of guilty is tantamount to a conviction, and a confession is most certainly tantamount to a plea of guilty, if voluntarily made.
A confession is of serious import in law. We find in Staundford's Pleas of The Crown, Book 2, Chapter 51, in the year of 1607, the following:
"If one is indicted, or appealed for felony, and on arraignment he confesses it, this is the best and surest *Page 91 
answer that can be in our law for quieting the conscience of the judge and making it a good and firm condemnation * * *." See 2 Wigmore on Evidence (2nd Ed.), 128, Section 818.
We shall advert to one question in the instant case, viz.: "Isn't it a fact that when Sperling refused to pay you any money you went to the police department and made a confession of your part in the plot to destroy the Middle West Hat Company?" The objection to this question was sustained and exception noted.
Why was this not a competent question as reflecting upon Kornreich's credibility? He was accused of arson in the action then on trial, and defendant was endeavoring to show that since the fire involved in that particular action Kornreich had confessed to participation in a fire, which, if he made a true confession, was of incendiary origin. Arson is a felony, and when goods, chattels or buildings are destroyed for the purpose of collecting insurance it is likewise crimen falsi.
It is not enough to say that the confession might have been involuntary, as this feature could have been taken care of upon preliminary or re-examination. This was not an extra-judicial confession, strictly speaking, as it is stated in the question, "you went to the police department and made a confession," etc.
If Kornreich made such a confession, the jury was entitled to know it in order to determine his credibility, and it was entitled to know all of it from him. If he did not make it, he could have said so. Surely the trial judge has no more discretion to rule a confession out of the case than he would have to rule out a plea of guilty or a conviction.
Suppose counsel for defendant had put the question, Since the fire herein involved, you have been tried and convicted of the offense of arson?" or "You entered a plea of guilty to an indictment for arson?" This court has said such questions are competent and must be answered when asked in good faith. In the *Page 92 
face of this law, can a confession of guilt of the same character of offense be refused admission?
When the court sustained the objection to the question, counsel for defendant was at his string's end. If Kornreich had answered that he did make such confession, then defendant was entitled to have it for what it was worth. If he had denied making it, then defendant would have had the opportunity to show it aliunde.
Ordinarily this court does not concern itself with questions of credibility, being content to leave such questions to the court below, where they properly belong; but, where a ruling of a court of inferior jurisdiction, if permitted to go unnoticed, would operate as a shield for the evil-minded, the furtherance of justice requires a court of last resort to announce the true rule of law, even where the question involved is no more serious than that of credibility.
The Court of Common Pleas committed prejudicial error in sustaining the objection of counsel for plaintiff to the question asked of Kornreich on cross-examination as to his confession relative to his participation in the Middle West Hat Company fire, and the Court of Appeals erred in affirming the judgment of the Court of Common Pleas.
The judgments of the Court of Common Pleas and the Court of Appeals herein are reversed, and this cause is remanded to the Court of Common Pleas of Cuyahoga county, for further proceedings according to law.
Judgment reversed and cause remanded.
WEYGANDT, C.J., MATTHIAS, DAY and ZIMMERMAN, JJ., concur.
WILLIAMS, J., concurs in the judgment.