The STATE of Ohio, Appellee,

v.

MOCK, Appellant.

[Cite as *State v. Mock* (1993), 85 Ohio App.3d 332.]

Court of Appeals of Ohio,
Defiance County.

No. 4–92–21.

Decided March 15, 1993.

*John T. Rohrs III,* City Law Director, and *David A. Land,* Assistant Law Director, for appellee.

*E. Charles Bates,* for appellant.

HADLEY, Judge.

Defendant-appellant, Mark A. Mock, appeals from the Defiance Municipal Court's judgment finding him guilty of R.C. 4511.19(A)(3), inasmuch as that conviction was based on appellant's breath-alcohol test results, which appellant moved to suppress and which motion the trial court denied.

On April 19, 1992, appellant was stopped by a State Highway Patrol officer for traveling at a speed greater than the posted limit. Appellant was arrested for operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1), and taken to the Highway Patrol post. At the patrol post, he was given a blood-alcohol test administered by Sergeant George J. Jutze. As a result of this test, appellant was found to be in violation of R.C. 4511.19(A)(3), having a greater concentration of alcohol than permitted by statute.

Appellant initially entered a plea of "not guilty" to the charge of R.C. 4511.19(A)(3), which he changed to "no contest" following the trial court's denial of his motion to suppress. Subsequently, the trial court dismissed the charge of R.C. 4511.19(A)(1), found appellant guilty of R.C. 4511.19(A)(3), and imposed a sentence. It is from the judgment entry of conviction and sentencing that appellant asserts one assignment of error:

"The trial court committed prejudicial error in admitting state's exhibits number 6 and 7 as evidence over objection of appellant and in utilizing said documents in making its decision to overrule appellant's motion to suppress the results of the breath-alcohol test."

Appellant argues that the trial court's admission of State Exhibits 6 and 7 during the motion to suppress, over objection of appellant's counsel, was improper because appellee did not lay a proper foundation for the exhibits' authenticity. Exhibit 6 was an alleged permit from the Ohio Department of Health ("ODH") certifying that Michael Robson was a senior operator authorized to perform tests using the BAC Verifier instrument. Similarly, Exhibit 7 was an alleged certificate from the ODH certifying that Michael D. Katafiasz was a senior operator.

■ Although the issue was not raised by the prosecutor, we initially question whether appellant could raise as error the admission of Exhibits 6 and 7 because his motion to suppress did not provide appellee with sufficient specificity as to what appellant was challenging regarding the blood-alcohol calibration results. Regarding the operator's qualifications, appellant states in general terms that:

"2. The tests were taken in violation of Defendant's constitutional rights, in violation of due process of law, and the regulations of the State of Ohio, Department of Health were not followed;

" * * *

"5. The operator did not have necessary qualifications to operate the breath machine or instrument analyzing Defendant's blood-alcohol level."

Again in his memorandum, appellant attacks the BAC results and the operator's qualifications in general terms:

"Before the results of the breath test given an accused are admissible in evidence against him, it is incumbent upon the State to show that the instrument was in proper working order; and that its manipulator had the qualifications to conduct the test and tat [sic] such test was made in accordance with the Ohio Department of Health Regulations, as well as the requirements of Ohio Revised Code Section 4511.19. *Cincinnati v. Sand*, 43 Ohio St.2d 79 [72 O.O.2d 44, 330 N.E.2d 908] (1975)."

The Supreme Court of Ohio has held that when a defendant seeks to suppress evidence, he must apprise the prosecutor of the grounds on which he challenges the validity of the evidence. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph one of the syllabus. The failure of a defendant to adequately specify the grounds for his motion to suppress evidence results in a waiver of that issue on appeal. *Id.* at 218, 524 N.E.2d at 891. However, in the interests of justice, we will further address appellant's sole assignment of error.

Armed only with the general language challenging the operator's qualifications in appellant's motion to suppress, appellee proceeded to demonstrate to the trial court that the operator complied with Ohio Adm.Code 3701–53–07(B). Ohio Adm.Code 3701–53–07(B) requires that breath tests used to determine if a person is in violation of R.C. 4511.19(A)(3) be performed by a senior operator or operator under the general direction of a senior operator. Ohio Adm.Code 3701–53–09 requires that senior operators have a permit issued by the Director of Health.

Based upon the aforementioned regulations, appellant has challenged whether Robson, who performed a calibration test of the machine on April 15, 1992, and Katafiasz, who calibrated the BAC machine, were senior operators. Appellant argues that Exhibits 6 and 7 contain no seal which would self-authenticate the alleged ODH permits and, moreover, there has been no other evidence presented

by the state proving that these permits are authentic. Thus, appellant argues, if the permits are not authentic, the breath tests were not performed by a senior operator or under the direction of a senior operator and the results should have been suppressed.

In determining whether Exhibits 6 and 7 were properly authenticated, we must examine Article IX of the Ohio Rules of Evidence. Upon an examination of this article, we agree with appellant that Evid.R. 902 does not warrant a conclusion that these exhibits were self-authenticating. Undoubtedly, they are not domestic public documents under seal, because the exhibits contain no seal. Evid.R. 902(1). Also, they are not "domestic public documents not under seal," as there is no other seal or signature certifying that the original signature is genuine. Evid.R. 902(2). See, also, *State v. Fox* (Oct. 23, 1987), Van Wert App. No. 15–86–13, 1987 WL 19027, unreported.

However, even if documents necessary to support the state's contention that the breath-alcohol test was properly administered are not self-authenticating, they can be authenticated by extrinsic evidence. *State v. Clites* (1991), 73 Ohio App.3d 36, 596 N.E.2d 550; *Kent v. Utt* (May 19, 1992), Portage App. No. 88–P–2008, 1992 WL 114321, unreported.[1] The extrinsic evidence need not be conclusive, but it must sufficiently support a finding that the document in question is what its proponent claims. Evid.R. 901(A); *State v. Easter* (1991), 75 Ohio App.3d 22, 598 N.E.2d 845. Hence, there need not be proof beyond a reasonable doubt as to a document's authenticity. Moreover, a determination as to the admissibility of evidence is a judgment based upon the extent of the foundation. *State v. Wilkins* (1980), 64 Ohio St.2d 382, 18 O.O.3d 528, 415 N.E.2d 303. In examining admissibility issues, a reviewing court may reverse only upon a showing of an abuse of discretion:

"Initially, we point out that Ohio Evid.R. 901(B) closely parallels its federal counterpart * * * and thus federal case law provides an appropriate interpretation of this rule. To that end, we note that, under the federal rules, the ultimate question facing the trial court is whether the authentication testimony was sufficiently complete that it convinced the court of the improbability of the original item having been exchanged with another or otherwise tampered with. * * * Once the trial court has answered that question, and the evidence is either admitted or excluded, the court's determination on the authentication issue is

---

1. To the extent that this court did not look beyond the confines of Evid.R. 902 in *Fox, supra,* to determine whether the document therein was properly authenticated, it is modified. If a document cannot be properly authenticated by virtue of Evid.R. 902, it can be properly authenticated by the use of extrinsic evidence, pursuant to Evid.R. 901.

reversed only upon a showing of an abuse of discretion. * * * " (Citations omitted.) *Easter, supra,* 75 Ohio App.3d at 26, 598 N.E.2d at 848.

Evid.R. 901(B) provides illustrations of means to authenticate a document. Relevant to the facts herein are the illustrations in Evid.R. 901(B)(1), (4), and (7), which state:

"(1) *Testimony of Witness With Knowledge.* Testimony that a matter is what it is claimed to be.

" * * *

"(4) *Distinctive Characteristics and the Like.* Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.

" * * *

"(7) *Public Records or Reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."

To determine if the state presented sufficient evidence to support the trial court's finding that the ODH issued senior operator permits to Robson and Katafiasz, a review of the exhibits and relevant testimony from the suppression hearing is necessary. Appellee's sole witness was Sergeant Jutze, who had arrested appellant and administered the breath-alcohol test. Upon direct examination of Sergeant Jutze, the following excerpt is relevant to the State Exhibit 6:

"Q. I'm handing you what has been marked as State's Exhibit No. Six and ask you to identify that if you would?

"A. Ah, let's see that's the ODH permit for Trooper Robson.

"Q. And that's not an original of that document is it?

"A. No, it's a copy of the original.

"Q. Is that a fair and accurate copy?

"A. Yes, it is.

"Q. And is that issued by the Ohio Department of Health?

"A. Yes, it is.

"Q. Is there an indication on that document that Trooper Robson is the senior operator?

"A. Yes, there is.

"Q. Is [*sic*] that document in effect on April 15th of this year?

"A. Yes, it was."

Immediately following was questioning of Sergeant Jutze concerning Exhibit 7, as follows:

"Q. I'm handing you what's been marked as State's Exhibit No. Seven and ask you to identify that if you would?

"A. See ah, it's the ODH permit for Trooper Katafiaz [*sic*], it's the copy of his original?

"Q. A fair and accurate copy of the original?

"A. Yes, it is.

"Q. And where is that kept on file?

"A. In file two of personnel file in the clerk's office at the Post.

"Q. And is that also issued by the Department of Health?

"A. Yes, it is.

"Q. Was that certificate in effect on April 21st of this year?

"A. Yes, it is [*sic*].

"Q. And is there an indication there that Trooper Katafiaz [*sic*] is the senior operator?

"A. Yes, he is."

Based upon a review of this testimony and Exhibits 6 and 7, we find that there was sufficient evidence to support the trial court's finding that these exhibits were properly authenticated.

Evid.R. 901(B)(1) provides that any witness who has knowledge that a matter is what its proponent claims may testify to pertinent facts and establish, in whole or in part, the foundation for authentication. Different methods can determine whether a witness has knowledge sufficient to authenticate a writing pursuant to Evid.R. 901(B)(1), namely, whether the witness testifying participated in the execution or preparation of the writing, or whether the witness can establish how the document reached him (chain of custody). Weissenberger, Ohio Evidence (1992) 8–10, Section 901.13.

Sergeant Jutze testified concerning his training and testing and the receipt of his permit from the Department of Health and also testified that the other permits for the senior operators were issued by the Department of Health and were on file at the post. While appellant's counsel pointed out on cross-examination that these certificates were not issued personally to Sergeant Jutze, no other line of questioning regarding his knowledge or duties relating to these permits or their custody was pursued by appellant which would challenge his

ability to testify concerning the same. Thus, appellant failed to dispute that Sergeant Jutze knew the permits were issued by the ODH, kept in the personnel files at the patrol post, and that Sergeant Jutze had access to these files.

Evid.R. 901(B)(4) provides that a foundation can be established in whole or in part by evidence presented as to the unique characteristics of an item. Herein, we have permits issued by the Department of Health which on their face certify that the officers are senior operators with particularized permit numbers. The permits have two-year validation periods and bear the signatures of the Director of Health and the Chief of the Alcohol Testing Program. Sergeant Jutze was asked by appellant's counsel to compare the copies of the permits with the originals and with the permit which had been issued to him. There was no indication that anything was lacking regarding the two permits of the senior operators other than the seal.

Weissenberger, *supra,* at 44, Section 901.97, states that there are different methods available to determine whether the writing is a public document, including "pertinent testimony of a person from the office where the particular record was kept, by a certification from the appropriate office, by testimony of any person with knowledge, or by judicial notice."

Although appellant's counsel inquired of Sergeant Jutze as to whether the permits were issued to him personally, to which Sergeant Jutze responded negatively, appellant's counsel did not dispute during the cross-examination of the officer that the ODH permits were issued to the officer's patrol post, of which the officer had personal knowledge, as stated during his direct examination. Thus, Sergeant Jutze had personal knowledge that the ODH permits were public documents.

We, therefore, find that the trial court did not commit error in the preliminary determination that from the totality of the evidence presented at this hearing on the motion to suppress evidence for a prima facie showing that the threshold standard of admissibility had been met and that the testimony and evidence presented were sufficient to support a finding that the permits in question were what they purported to be.

It is emphasized that this was but a preliminary determination and, in the event that discovery or other means of the production of evidence would have produced some relevant challenge to the evidence thus admitted, appellant was not precluded from contesting the genuineness of the evidence at some proper point in the proceedings after the admission of the evidence. And, of course, the ultimate decision as to authenticity lies with the trier of facts, who may decide not to give it any weight in its deliberations.

We, thus, overrule the assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

EVANS, P.J., and THOMAS F. BRYANT, J., concur.