This timely appeal arises from the trial court's denial of Appellant's motion to suppress the results of a BAC Verifier breath test. After a hearing and subsequent denial of the motion, Appellant entered a plea of no contest to driving with a breath alcohol level of .10 or higher, a violation of R.C. 4511.19 (A) (3). Appellant is seeking a reversal of his conviction by contending that the trial court improperly admitted the breath test results. For the following reasons, this Court reverses the trial court's denial of Appellant's motion to suppress and vacates Appellant's conviction and sentence.
The relevant facts of this case have been stipulated to and are set forth in the App.R. 9 (D) Agreed Statement as the Record on Appeal. On August 4, 1996, at approximately 2:45 a.m., Austintown patrolman Pacura observed Appellant operating a motorcycle at a high rate of speed and passing other vehicles in a no-passing zone. Patrolman Pacura initiated a traffic stop and after detecting the smell of alcohol, Appellant was given a series of field sobriety tests. Based on the results of those tests, Appellant was placed under arrest for violating R.C. 4511.19 (A) (3).
Patrolman Pacura transported Appellant to the Austintown Police Department and administered a breath test using a BAC Verifier at 3:13 a.m. The machine calculated .179 grams of alcohol per 210 liters of Appellant's breath. Appellant was charged with driving with a prohibited breath alcohol content.
Appellant filed a motion to suppress the results of the breath test and the trial court held a hearing on this motion on March 11, 1997. At this hearing, Patrolman Pacura and Lieutenant Johnson, as the records custodian, testified. The officer who calibrated the BAC verifier did not appear as a witness. Over Appellant's objections, the breath test results and the supporting documentation were admitted into evidence.
After the suppression hearing, Appellant entered into a plea agreement, pleading no contest to operating a motor vehicle with a breath alcohol content of .10 or more in violation of R.C.4511.19 (A) (3). Appellant was fined $500.00 with $300.00 of this suspended, sentenced to thirty days in jail with twenty-seven of those days suspended, placed on twelve months of nonreporting suspension, had his license suspended for one hundred and eighty days and was ordered to attend a Victim Impact Panel.
Appellant has timely appealed his conviction and has filed an Agreed Statement in lieu of a transcript as provided by App.R. 9 (D). Appellant's brief presents three assignments of error. In his first assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS THE BAC VERIFIER RESULTS WHEN THE STATE FAILED TO PRODUCE EVIDENCE OF THE STATE'S COMPLIANCE WITH THE OHIO DEPARTMENT OF HEALTH REGULATIONS CONCERNING THE BAC VERIFIER MACHINE."
With respect to motions to suppress, the appropriate standard of review is to determine whether the trial court's findings are supported by competent credible evidence. State v. Lloyd (April 15, 1998), Belmont App. No. 96 BA 31, unreported, citing State v.Winand (1996), 116 Ohio App.3d 286, 288. Although deference is given to the trial court's finding of facts, we must independently determine, as a matter of law and without deference to the trial court's determination, whether the trial court met the applicable legal standards. State v. Williams (1993), 86 Ohio App.3d 37,41, citing State v. Drelaer (July 28, 1992), Highland App. No. 786, unreported, at 5.
R.C. § 3701.143 authorizes the Department of Health to promulgate regulations concerning chemical analysis of a person's blood, urine, breath, or other bodily substances for the presence of alcohol. The relevant regulations are found in OAC 3701-53-04
through 09. Before the results of a breath test given to an accused are admissible in evidence against him, it is incumbent upon the State to demonstrate that the instrument was in proper working order, that the operator was qualified to administer the test and that the test was made in accordance with the Department of Health regulations. State v. Mock (1993), 85 Ohio App.3d 332, citing Cincinnati v. Sand (1975), 43 Ohio St.2d 79. The State meets this burden by showing substantial compliance with the applicable Department of Health regulations. State v. Beard
(March 26, 1996), Athens App. No. 95-CA-1685, unreported, citingState v. Plummer (1986), 22 Ohio St.3d 292.
Appellant's first assignment of error implicates several related issues, each of which questions the reliability of the breath test results and challenges the State's compliance with the Department of Heath regulations. As each of these issues address separate aspects of the admissibility of the breath test results, each will be discussed in turn.
1. Viability of Testing Solution.
Appellant argues that the State failed to produce evidence demonstrating that the testing solution used by Patrolman Pacura during the test was a solution approved by the Department of Health as required by OAC § 3701-53-04 (1). Appellant contends that this failure calls the reliability of the breath test results into question and that the motion to suppress should have been granted.
As a preliminary matter, this Court notes that this issue is properly before us on review. Although the Agreed Statement submitted by the parties only indicates that general objections were made by Appellant concerning the viability of the testing solution at the suppression hearing, Appellant preserved this issue for appeal by raising this specific issue in the memorandum of law attached to Appellant's motion to suppress. State v.Callahan (1992), 80 Ohio App.3d 184, 190-91; State v. Schindler
(1994), 70 Ohio St.3d 54.
OAC § 3701-53-04 (A) requires that breath testing equipment be calibrated, "using a solution of ethyl alcohol approved by the director of health and using the calibration checklist for the instrument being checked." This regulation requires the Department of Health to produce a document certifying that the solution used to calibrate the breath testing machine was proper.State v. Robbins (1989), 61 Ohio App.3d 324, 328. The State commonly complies with this requirement by producing a so-called "batch and bottle affidavit" or a properly authenticated calibration solution certificate. Id; see also, State v. Ward
(1984), 15 Ohio St.3d 355.
The admission of this affidavit or authenticated certificate demonstrates that the breath testing equipment was calibrated in substantial compliance with the applicable Department of Health regulations and assures the accuracy of the breath test results.City of Columbus v. Carroll (1996), Franklin App. No. 96APCO1-90, unreported. The importance of this point cannot be overstated since the accuracy of the test results is a critical issue in determining the guilt or innocence of the defendant. Defiance v.Kretz (1991), 60 Ohio St.3d 1, 3. Conversely, when there is no properly authenticated certificate or an affidavit regarding the viability of the calibration solution, substantial compliance with the regulations is not proven and the results of the breath test must be excluded. State v. Bauer (September 13, 1996), Ottawa App. No. OT-95-050, unreported, citing Robbins, supra at 328.
In the case at bar, the State offered and the trial court accepted into evidence a copy of what is labeled a "BAC Verifier Test Report Form" for the purpose of proving that the BAC Verifier had been properly calibrated. This form indicates that the calibration solution came from batch or lot number 95-10C and bottle number 95-000310. The State concedes that no properly authenticated solution certificates or affidavits were offered and candidly admits that the solution affidavits "could have been introduced." The State suggests, however, that since this form indicates a batch and bottle number of the calibrating solution used on the breath testing machine at issue in this case, substantial compliance with the Department of Health regulations has been demonstrated.
We disagree. The mere recitation of a bottle and/or batch number on an uncertified copy of a test form does not indicate that the solution has been tested and verified by the Department of Health or by the manufacturer of the breath testing machine. Such a recitation only demonstrates that at some point in time, there was an indicia of identification placed upon the solution bottle. Identification and verification of solution viability are not the same. Absent such verification, substantial compliance with Department of Health regulations cannot be demonstrated. Robbins, supra at 328. As such, the first issue presented in Appellant's first assignment of error has merit.
2. Qualification and Certification of Calibrating Officer
Appellant also contends that the State failed to prove that the police officer who calibrated the BAC Verifier was qualified to do so as required by QAC 3701-53-04 (A). Appellant's argument is premised upon the State's failure to produce the calibrating officer's senior operator's permit or to call the calibrating officer as a witness at the motion to suppress hearing.
This Court need not reach the merits of this argument as Appellant failed to preserve the issue for appeal. A defendant who does not use a motion to suppress to challenge the admissibility of the chemical test results pertaining to violations of R.C. § 4511.19 thereby waives all the foundational requirements the State would otherwise have to meet prior to the admissibility of the test results. State v. French
(1995), 72 Ohio St.3d 446, at syllabus. In a motion to suppress evidence of a breath test, the defendant must also raise with particularity every ground for suppression of that evidence. Shindler, supra at 57; see also Crim.R. 47. If the basis of any claimed error is not raised, arguments pertaining to that error are waived. State v. Peagler (1996), 76 Ohio St.3d 496, 500.
Appellant's argument concerning the qualifications of the calibrating officer is being made for the first time before this Court. Appellant's motion to suppress and the Agreed Statement of the evidence is devoid of any objections or challenges to the calibrating officer's qualifications. As a result, Appellant has waived this issue for purposes of appeal.
3. Storage of Testing Solution
Appellant further argues that the State failed to produce any evidence that the solution used to calibrate the machine was kept refrigerated. The failure to offer such proof, Appellant contends, requires that a motion to suppress be granted.
OAC § 3701-53-04 (A) requires that, "calibration solutions shall be kept under refrigeration after first use, when not being used." Appellant asks this Court to interpret this regulation as requiring the State to affirmatively prove, as a foundational requirement, that the solution was in fact kept under refrigeration.
This we decline to do. In the absence of evidence to the contrary, it is not necessary to present testimony that the calibration solution was kept under refrigeration. State v. Nagel
(1996), 30 Ohio App.3d 80, 81. If, however, there had been evidence that the solution was not stored under refrigeration, the burden would have been on the State to refute that evidence and demonstrate compliance with OAC § 3701-53-04 (A). Accordingly, Appellant's argument presented by this issue has no merit.
Based on our finding that the State failed to produce either the required affidavit or authenticated certificate indicating the viability of the calibration solution, the State did not substantially comply with the applicable Department of Health regulations. Therefore the trial court did not follow the appropriate legal standards in denying Appellant's motion to suppress the results of the breath test. For the foregoing reason, Appellant's first assignment of error is sustained.
Appellant's second and third assignments of error respectively provide as follows:
 "II. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE THE TWO (2) BAC VERIFIER TEST REPORT FORMS AT THE SUPPRESSION HEARING OVER THE OBJECTION OF DEFENSE COUNSEL.
 "III. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE THE STATEMENTS OF LIEUTENANT JOHNSON THAT ALL OF TEST [sic] GIVEN TO THE DEFENDANT WERE PERFORMED IN ACCORDANCE WITH THE RULES PRESCRIBED BY THE DIRECTOR OF HEALTH OF THE STATE OF OHIO."
Since we have concluded that the State did not substantially comply with the Department of Health regulations by proving the viability of the calibration solution, our disposition of Appellant's first assignment of error renders the second and third assignments of error moot. The judgment of conviction and sentence of Appellant for a violation of R.C. § 4511.19 (A) (3) entered by the Mahoning County Court of Common Pleas is vacated. Pursuant to App.R. 12 (B), we enter judgment suppressing the results of the breath test and order the dismissal of the charge against Appellant for a violation of R.C. § 4511.19
(A) (3).
Donofrio, J., concurs.
Cox, P.J., concurs.
APPROVED:
 __________________________________ CHERYL WAITE, JUDGE