**CITY OF COLUMBUS, Appellee,**

v.

**ROBBINS, Appellant.**

[Cite as *Columbus v. Robbins* (1989), 61 Ohio App.3d 324.]

Court of Appeals of Ohio,
Franklin County.

Nos. 88AP–935, 88AP–936.

Decided Feb. 28, 1989.

*Ronald J. O'Brien*, City Attorney, *James J. Fais*, City Prosecutor, and *Thomas K. Lindsey*, for appellee.

*Connor & Koltak Co., L.P.A.*, and *Ronald J. Koltak*, for appellant.

McCormac, Presiding Judge.

Defendant-appellant, Robert A. Robbins, was charged with speeding, operating a motor vehicle under the influence of alcohol, and operating a motor vehicle while having a blood-alcohol count above .10, to wit: .20. Appellant entered not guilty pleas to all charges and waived his right to trial by jury.

At trial, objection was raised by appellant to the introduction of a document that purported to certify the calibration solution used to calibrate the BAC

Verifier machine upon which defendant was tested. Additionally, at the close of appellee's case, appellant moved for acquittal pursuant to Crim.R. 29 and moved to strike the testimony of Columbus Police Sergeant Mills and Officer Paley, contending that they were incompetent to testify. Appellant's objection and motions were overruled by the trial court. Appellant was found guilty of driving under the influence of alcohol and of the *per se* violation and not guilty of speeding.

Appellant appeals, raising the following assignments of error:

"1. The trial court erred when it allowed the testimony of Officer Paley and Sergeant Mills to be admitted when the officers never were shown to be competent pursuant to Ohio Rule of Evidence 601(C).

"2. The trial court erred when it allowed evidence of the results of the breathalyzer test performed on defendant-appellant to be admitted.

"3. The trial court erred in finding defendant-appellant guilty of operating a motor vehicle while under the influence of alcohol under Columbus City Code, Section 2133.01(A) [impaired driving] as it was against the manifest weight of the evidence."

On March 12, 1988, at approximately 2:50 a.m., Columbus Police Sergeant Mills observed appellant traveling southbound on Interstate 71 at a rate in excess of the speed limit. After pulling the defendant over and issuing a citation for speeding, Sergeant Mills called for a second cruiser to process the appellant. Shortly thereafter, Officer Paley arrived on the scene and, observing a strong odor of alcohol on appellant's breath, ordered appellant to undergo a field sobriety test. Officer Paley then cited the appellant for impaired driving in violation of Columbus City Code Section 2133.01(B)(2), and transported him to the Franklin County Jail where appellant underwent a BAC Verifier test.

■ By his first assignment of error, appellant contends that the arresting officers were incompetent to testify under Evid.R. 601(C) because it was not shown that they were in uniform and operating a properly marked police vehicle. Inasmuch as both branches of appellant's first assignment of error involve the same issue, they will be discussed together.

Evid.R. 601(C) provides:

"Every person is competent to be a witness except:

" * * *

"(C) An officer, while on duty for the exclusive or main purpose of enforcing traffic laws, arresting or assisting in the arrest of a person charged with a traffic violation punishable as a misdemeanor where the officer at the time of the arrest was not using a properly marked motor vehicle as defined

by statute or was not wearing a legally distinctive uniform as defined by statute."

This section must be read in light of Evid.R. 104(A), which reads:

"(A) Questions of Admissibility Generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges."

As provided by the Rules of Evidence, all adult witnesses begin with the presumption of competency. If the issue is then raised, competency becomes a preliminary question for the court. *Kornreich v. Industrial Fire Ins. Co.* (1936), 132 Ohio St. 78, 7 O.O. 198, 5 N.E.2d 153. As this court has stated: " * * * the decision to allow a witness to testify * * * rests in the discretion of the trial court, and * * * will not be overturned unless it is shown that such discretion was clearly abused. * * * " *Wagenheim v. Alexander Grant & Co.* (1983), 19 Ohio App.3d 7, at 18, 19 OBR 71, at 83, 482 N.E.2d 955, at 968. Abuse of discretion " * * * connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * * " *State v. Adams* (1980), 62 Ohio St.2d 151, at 157, 16 O.O.3d 169, at 173, 404 N.E.2d 144, at 149.

Both officers testified that they were in "cruisers." Furthermore, Sergeant Mills testified that he was on "uniform patrol" and that he activated his "beacon" prior to pulling the appellant over. This testimony was sufficient to enable the trial court to infer that the testimony was in compliance with Evid.R. 601(C). The appellant elicited no testimony on direct or cross-examination to rebut the trial court's inference. Thus, the trial court's decision to admit the testimony of Officers Mills and Paley was not unreasonable, arbitrary, or unconscionable.

Appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant argues that the trial court improperly allowed the results of appellant's breath test to be introduced into evidence. Appellant contends that the BAC Verifier operator did not observe appellant for a period of twenty minutes in violation of Ohio Adm.Code 3701–53–02, and that the calibration solution certificate was inadmissible because it was not properly certified under Evid.R. 1005.

As to the second branch of appellant's argument, this court concludes that the calibration solution certificate was not properly authenticated and, as such, was improperly admitted. The Ohio Rules of Evidence provide the

manner in which a public record must be authenticated. The pertinent provisions provide:

"RULE 1005. PUBLIC RECORDS

"The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902, Civ.R. 44, Crim.R. 27 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given."

Evid.R. 902(4) states:

"(4) Certified Copies of Public Records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio."

Pursuant to Ohio Adm.Code 3701–53–04, the Ohio Department of Health ("ODH") must produce a document certifying that the solution used to calibrate a BAC Verifier was proper. The document admitted at trial was not certified by ODH, but was only a copy of an uncertified ODH document maintained in the police files. While the document in question was attested by Sergeant K.R. Bell as the keeper of the calibration log book for that particular machine, it was not certified by ODH, as mandated by Evid.R. 1005 and 902. The fact that the uncertified document was sent to another agency who could certify that it was part of its official file does not eliminate the deficiency. Hence, the document does not comply with the requirements of Ohio Adm.Code 3701–53–04.

Without a properly authenticated calibration solution certificate, the results of appellant's BAC Verifier test cannot be admitted. See *State v. Ward* (1984), 15 Ohio St.3d 355, 15 OBR 477, 474 N.E.2d 300. In order for a breath analysis to be admitted, it must be shown that the procedures proscribed by the Director of Health, pursuant to R.C. 3701.143, have been precisely followed. *Cincinnati v. Sand* (1975), 43 Ohio St.2d 79, 72 O.O.2d 44, 330 N.E.2d 908. One such procedure is that the machine is properly calibrated. Ohio Adm.Code 3701–53–04. Without evidence of calibration, the BAC Verifier results must be excluded.

There was evidence that appellant was observed for twenty minutes prior to administration of the test. There is no requirement that the BAC Verifier operator personally observe the appellant. The personal observation of the arresting officer may be found to be sufficient.

Appellant's second assignment of error is sustained because of the lack of certification of ODH.

Appellant's third assignment of error states that the trial court's finding of guilt on the impaired driving offense was against the manifest weight of the evidence. An appellate court will not reverse the decision of the trial court on the grounds of manifest weight of the evidence when some competent, credible evidence going to all the essential elements of the case supports the trial court's judgment.

Included in evidence before the lower court was testimony that appellant's breath had a strong odor of alcohol, his eyes were bloodshot, and his vehicle was weaving within his lane of travel. Additionally, the appellant scored poorly on all but one phase of the field sobriety test. While the appellant did attempt to discredit this evidence on cross-examination, he offered no evidence to rebut it. As such, the record does reveal credible evidence going to the essential elements of the violation charged, and this court cannot say that the trial court's decision was against the manifest weight of the evidence.

Appellant's third assignment of error is overruled.

Appellant's second assignment of error is sustained, and appellant's first and third assignments of error are overruled. The judgment of the trial court, finding appellant guilty of operating a motor vehicle under the influence of alcohol, is affirmed. (Case No. 88AP–935.) The judgment finding appellant guilty of operating a motor vehicle while having a blood-alcohol count above .10 is reversed. (Case No. 88AP–936.) The case is remanded to the trial court with instructions to delete the guilty finding and sentence for case No. 88AP–936 and to enter a not guilty finding on that charge. The sentence for case No. 88AP–935 shall be enforced.

*Judgment in case No. 88AP–935 is affirmed; judgment in case No. 88AP–936 is reversed and remanded with instructions.*

BOWMAN and YOUNG, JJ., concur.