Defendant-appellant, Michael Cady, was arrested and charged with driving under the influence and a stop sign violation. Appellant filed a motion to suppress which was overruled by the Mason Municipal Court. Appellant initially pled not guilty to all charges, but subsequently entered pleas of no contest. The trial court found appellant guilty and sentenced him accordingly. Appellant now appeals contending that (1) the trial court erred in overruling his motion to suppress, (2) the trial court failed to comply with Crim.R. 11 when it accepted his pleas, and (3) the trial court failed to have appellant withdraw his demand for a jury trial in writing and in open court. We affirm in part and reverse in part, and remand this matter to the trial court for proceedings consistent with this opinion.
A review of the record, pleadings and exhibits before us reveal the following: On December 21, 1995, at 12:31 a.m., Trooper Waulk ("Waulk") of the Ohio Highway Patrol was dispatched to the intersection of Western Row and Socialville-Foster Road as the result of a telephone call placed to the highway patrol by a property owner, John H. Manning ("Manning"). Waulk arrived at the scene at 12:45 a.m. and found appellant's vehicle in a ditch. When questioned, appellant told Waulk that he was returning home from a party at which he had been drinking and had eaten no food. Appellant stated that he had been forced from the road by an approaching car. Waulk testified however that he found no physical evidence supporting appellant's claim.
While questioning appellant, Waulk noted that appellant's balance was very poor and that he had a strong odor of alcohol on or about his person. Waulk then administered several field sobriety tests. Given appellant's inability to successfully complete the tests and his admission of alcohol consumption, Waulk placed appellant under arrest and took him into custody.
At the scene, the record reveals that Waulk interviewed Manning, the property owner. Waulk testified that Manning stated that he had been awakened by a crash and the sounds of a motor racing and tires spinning from a car outside his home and, thereafter, notified the highway patrol. Manning stated to Waulk that approximately one-half hour elapsed between the time he heard the tires spinning and Waulk's arrival. Based on this information, Waulk testified that he estimated that the accident occurred at approximately 12:15 a.m.
At the police station, appellant submitted to a breath test administered by Waulk. The test results were obtained at 1:57 a.m. and appellant tested 0.223 of one gram of alcohol per two hundred ten liters of breath, clearly over Ohio's legal limit. Appellant was then cited for both driving under the influence in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3),[1] and a stop sign violation in violation of R.C. 4511.43.
The Mason Municipal Court Worksheet contained within the record reveals that on December 26, 1995 appellant appeared in open court with counsel, and was advised of the nature of the charges and the possible penalties. Appellant entered pleas of not guilty to all charges. On January 9, 1996, appellant filed a motion to suppress arguing, among other things, that the arresting officer lacked probable cause to arrest appellant, and that the breath test was not conducted in accordance with Ohio Department of Health guidelines and R.C. 4511.19
requirements.
The trial court held a suppression hearing on March 5, 1996. Several exhibits, including an uncertified copy of the B.A.C. Datamaster calibration sample from December 18, 1995, and the B.A.C. Datamaster breath test report were admitted into evidence. In addition to Waulk's testimony, Trooper Ward testified on behalf of the state that he was a valid senior operator of the B.A.C. Datamaster, and that he administered appellant's breath test. In fact, appellant stipulated at the hearing that the test had been properly conducted.[2]
The state then presented evidence from Trooper Hermes, who had conducted the B.A.C. Datamaster's calibration check three days prior to appellant's test, on December 18, 1995. At that time, appellant stipulated that the state's accompanying documents were true and accurate copies of the originals maintained at the highway patrol. Finally, the state presented evidence from Sergeant Adams who conducted a radio frequency interference ("RFI") survey on the B.A.C. Datamaster. Appellant then stipulated that the RFI survey was properly conducted.
On June 12, 1996, the trial court filed a judgment entry overruling appellant's motion to suppress. Specifically, the trial court found that "the officer had probable cause to arrest the defendant and that there was substantial compliance withe [sic] the Ohio Board of Health standards/regulations."
On July 2, 1992, appellant appeared in open court and entered pleas of no contest to the stop sign violation and the violation of R.C. 4511.19(A)(3). No transcript of this proceeding was provided on appeal.[3] The trial court found appellant guilty on both charges. On July 8, appellant filed a demand for a jury trial on the remaining R.C. 4511.19(A)(1) violation. However, on August 27, 1996, the pleadings reveal that appellant entered a plea of no contest to the remaining R.C. 4511.19(A)(1) violation, and the trial court found him guilty of that charge as well.[4]
The trial court sentenced appellant on the R.C. 4511.19(A)(1) violation to three days in jail and a fine of $275. Per agreement of the parties, the execution of appellant's sentence was stayed pending this appeal. On September 26, 1997, appellant filed his appeal raising four assignments of error.
Appellant's first and fourth assignments of error both challenge the trial court's decision to overrule appellant's motion to suppress. Consequently, we shall address these two assignments of error before addressing appellant's second and third assignments of error. In his first assignment of error, appellant contends:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' [sic] MOTION TO SUPPRESS ON THE BASIS THAT THE STATED [sic] FAILED TO PRESENT SUFFICIENT EVIDENCE THAT THE BLOOD [sic] SAMPLE TAKEN FROM THE DEFENDANT/APPELLEE [sic] WAS OBTAINED WITHIN TWO (2) HOURS FROM TIME OF THE ALLEGED VIOLATION AS REQUIRED BY R.C. 4511.19(D)(1).[5]
Under this assignment of error, appellant contends that because nothing in the record evidences that appellant's breath test was administered within two hours of the alleged accident the trial court should have suppressed its admission. We disagree.
It is well-established that "[i]n a criminal prosecution for violation of R.C. 4511.19(A)(2), (3) or (4), * * * the results of a properly administered bodily substances test may be admitted into evidence only if the bodily substance is withdrawn within two hours of the time of the alleged violation." Newark v. Lucas (1988), 14 Ohio St.3d 100, 104. Thus, this court must review the evidence and determine whether appellant's breath test was administered within two hours of the appellant's accident and was, therefore, properly admitted.
Following the suppression hearing, the trial court determined that appellant's breath test results were admissible. Upon review, we find that there was before the trial court credible testimony and evidence to support appellee's contention that the breath test was taken within two hours of the accident. Specifically, Waulk testified that he had determined that the time of appellant's accident was approximately 12:15 a.m. Waulk testified that he reached this conclusion based on the statement he took from Manning and the time he received the dispatch. The evidence reveals that appellant's breath test was administered at 1:57 a.m. Thus, the evidence supports the trial court's finding that the test was performed within the requisite two-hour time limit. "An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence." Mason v.Murphy (Oct. 13, 1997), Warren App. No. CA97-02-016, unreported, at 2. Accordingly, we defer to the trial court's factual finding on this issue as it is supported by credible evidence, and appellant's first assignment of error is overruled.
In his fourth assignment of error, appellant contends:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE RESULTS OF APPELLANT'S BREATH ALCOHOL TEST WHERE THE STATE OF OHIO-APPELLEE FAILED TO PROVE THAT APPELLANT'S TEST HAD BEEN OBTAINED IN COMPLIANCE WITH THE RULES ESTABLISHED BY THE OHIO DEPARTMENT OF HEALTH.
Under this assignment of error, appellant vaguely asserts that his breath test was not conducted in accordance with Ohio Department of Health guidelines. However, appellant has failed to articulate any clear or specific violations. Appellant also seemingly ignores the fact that he stipulated to several facts at the suppression hearing, including: (1) that his test had been properly conducted, (2) that much of the state's documentation was authentic, and (3) that the RFI survey was properly conducted on the B.A.C. Datamaster. We note that unless set aside for good cause, stipulations are binding on the parties and the court. See 89 Ohio Jurisprudence 3d (1989), 106 Trial, Section 70. Accordingly, appellant may not appeal points corresponding to the aforementioned stipulations.
Appellant's best-defined contention is that the one of the evidentiary problems presented in the instant matter is identical to one addressed by Tenth District Court of Appeals in Columbus v. Robbins (1989), 61 Ohio App.3d 324. Specifically, appellant contends that Ohio Adm. Code 3701-53-04
requires that the state submit certified copies of calibration certificates to prove that breath testing equipment and/or test solutions were properly calibrated. This court is not persuaded by appellant's argument, or the Robbins decision.
As the Fourth District Court of Appeals stated in State v.Easter (1991), 75 Ohio App.3d 22:
 We decline to adopt the holding in Robbins because of what appears to be several weak spots in the court's reasoning. * * *
 Moreover, we are not entirely persuaded by that court's conclusion that Ohio Adm. Code 3701-53-04 required the state to produce a certified document at trial showing that the calibration solution was correct. * * *
 [T]his regulation affects only the method of testing the equipment and does not impose any new evidentiary standards for showing that such tests have been complied with. That is a matter for determination under general evidence principles * * *.
This court agrees with the logic and reasoning ofEaster, and we hold that the administrative regulations do not require the state to produce certified documents that the breath testing equipment and test solution were properly calibrated. Instead, we find that general evidence principles apply to this issue. Additionally, we find that the trial court did not abuse its general evidentiary discretion in either the admission of, or its reliance upon, the uncertified documentation submitted by the state.
As we stated in response to appellant's first assignment of error, "[a]n appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by substantial credible evidence." Mason v. Murphy (Oct. 13, 1997), Warren App. No. CA97-02-016, unreported, at 2. Accordingly, we defer to the trial court's finding that there was substantial compliance with Ohio's Department of Health guidelines and appellant's fourth assignment of error is overruled.
Turning now to appellant's second assignment of error, appellant contends:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL THE CONSEQUENCES OF SAID PLEA PURSUANT TO CRIM.R. 11 AND IN FAILING TO INQUIRE WHETHER APPELLANT'S PLEA WAS ENTERED VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY.
Under this assignment of error, appellant contends that "the record is absolutely void of any evidence demonstrating compliance with Criminal Rule 11" and its accompanying constitutional mandates. Appellant further points to the fact that there is no transcript of his plea hearings evidencing compliance with the rule.
A trial court "shall not accept [a] plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Crim.R. 11(E). Crim.R. 11(E), however, does not define the term "effect of the pleas" in relation to a plea of guilty or no contest. "A no contest plea, like a guilty plea, waives several constitutional rights * * *." Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216,217-218, citing Toledo v. Chiavarini (1983), 11 Ohio App.3d 43, and Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709. Such rights include:
 the right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witnesses he may have in his own defense.
Chiaverini at 44. Because these are constitutional rights, the record must affirmatively demonstrate that any waiver was both intelligent and voluntary. Boykin at 395 U.S. 238 at 242,89 S.Ct. 1709 at 1711. Furthermore, we note that the burden is on the city to demonstrate a valid waiver of these rights. Id.
Ohio cases which have determined that the requirements for taking pleas in felony cases have been met have required (1) an affirmative showing on the record that the trial court has explained the constitutional rights to be waived to the defendant, and (2) that the waiver was intelligible.Brewer at 218, citing State v. Ballard (1981), 66 Ohio St.2d 473. See, also, Crim.R. 11(C)(2).[6] This requires that a meaningful dialogue about the rights being waived occur between the trial court and the defendant. Id. This court sees no reason why "[t]he requirement of a meaningful dialogue between the court and the defendant is less applicable in misdemeanor cases * * *." Id. Accordingly, we find that a defendant entering a plea under Crim.R. 11(E) must be advised that he or she is waiving the same constitutional rights that a defendant pleading under Crim.R. 11(C) is waiving.
Having stated as much, we now turn our attention to the record before us. This court can surmise from a review of the pleadings that the trial court held a hearing when it accepted appellant's pleas. However, our review of the record reveals that the hearing either was not recorded or it was recorded and/or transcribed and has subsequently been lost or destroyed. In either case, the record before this court fails to demonstrate that the trial court complied with the mandates of Crim.R. 11(E). Waivers of constitutional rights cannot be presumed from silent records. Boykin at 395 U.S. 238 at 243,89 S.Ct. 1709 at 1712.
Because the burden is on the city to show a valid waiver and we find that the city has not met this burden, we find that Mason has failed to show this court that appellant's plea was voluntarily, intelligently, and knowingly given. We have no choice but to sustain appellant's second assignment of error. Accordingly, we vacate appellant's pleas and remand this matter to the trial court to allow appellant to plead anew.
In his third assignment of error, appellant contends:
 THE TRIAL COURT ERRED IN FAILING TO HAVE APPELLANT WITHDRAW HIS DEMAND FOR A JURY TRIAL IN OPEN COURT AS IS MANDATED BY SECTION 2945.05
OF THE OHIO REVISED CODE.
Under this assignment of error, appellant contends that the trial court failed to have appellant withdraw his jury demand in writing and in open court as required by R.C. 2945.05. However, in light of our decision to sustain appellant's second assignment of error, we find that appellant's third assignment is now moot.
Judgment is affirmed in part, reversed in part and remanded to the trial court for proceedings consistent with this opinion.
POWELL, P.J., and WALSH, J., concur.
[1] R.C. 4511.19, provides:
 DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS OR WITH CERTAIN CONCENTRATION OF ALCOHOL IN BODILY SUBSTANCES; CHEMICAL ANALYSIS.
 (A) No person shall operate any vehicle * * * if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
* * *
 (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath[.]
[2] The following colloquy took place between counsel at the conclusion of the hearing:
 MR. PEELER [the prosecutor]: * * * and I think there was even a stipulation that the Trooper conducted the test properly.
MR. SLYMAN [defense counsel]: Yes.
[3] Much to this court's disappointment, attempts to request from the trial court below either audiotapes or transcripts of this plea hearing have been wholly unsuccessful.
[4] Again, we note that the transcript from this plea hearing was not transmitted to this court on appeal and attempts to request either audiotapes or transcripts of this plea hearing have been wholly unsuccessful.
[5] We assume that appellant intended to allege that his breath
sample was not obtained within two hours of the alleged violation as the record contains no evidence that a blood
sample was ever obtained from appellant.
[6] Crim.R. 11(C)(2) defines the trial court's duties in accepting a plea in felony cases and provides that the court shall not accept a plea without first addressing the defendant personally and:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court upon the acceptance of the plea may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by his plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.