OPINION
On March 17, 2000, Ohio State Highway Patrol Trooper Craig Cvetan stopped appellant, Cheryl Wessel, for speeding. After an investigation, appellant was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (A)(3) and speeding in violation of R.C. 4511.21. Appellant had submitted to a breath test which produced a result of .107 grams by weight of alcohol per 210 liters of deep lung breath. On April 3, 2000, appellant filed a motion to suppress claiming constitutional violations and noncompliance with the Ohio Department of Health regulations regarding alcohol testing. A hearing was held on June 5, 2000. By journal entry filed June 12, 2000, the trial court denied said motion. On September 19, 2000, appellant pled no contest to the R.C. 4511.19(A)(3) charge. The remaining charges were dismissed. By journal entry filed same date, the trial court found appellant guilty and sentenced her to ninety days in jail, eighty-seven suspended, and imposed a $350 fine plus costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS.
 I
Appellant claims the trial court erred in denying her motion to suppress because the state failed to show substantial compliance with the Ohio Department of Health regulations regarding alcohol testing. We agree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, " . . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Appellant argues the state failed "to properly establish the target value for the calibration solution used for the instrument check prior and subsequent to Defendant's test" and the state failed "to establish that the subsequent instrument check was performed by a `senior operator' certified by the Ohio Department of Health." Appellant's Brief at 3. In its journal entry filed June 12, 2000, the trial court found the following: The Defendant's argument is consistent with what appears to be the majority view which is noted in City of Columbus v. Robbins (1989), 61 Ohio App.3d 324. This Court however adopts the less technical and more practical reasoning of State vs. Easter (1991), 15 Ohio App.3d 22. This Court finds that the State did establish a reliable target value at the oral hearing and that the State showed substantial compliance with the Ohio Department of Health regarding alcohol testing.
In Robbins, our brethren from the Tenth District held the following: Without a properly authenticated calibration solution certificate, the results of appellant's BAC Verifier test cannot be admitted.***In order for a breath analysis to be admitted, it must be shown that the procedures proscribed by the Director of Health, pursuant to R.C. 3701.143, have been precisely followed.***One such procedure is that the machine is properly calibrated. Ohio Adm. Code 3701-53-04. Without evidence of calibration, the BAC Verifier results must be excluded. (Citations omitted.)
In Easter at 27-28, the Fourth District Court of Appeals stated the following: We decline to adopt the holding in Robbins because of what appears to be several weak spots in the court's reasoning.***Moreover, we are not entirely persuaded by that court's conclusion that Ohio Adm. Code3701-53-04 requires the state to produce a certified document at trial showing that the calibration solution was correct.***Quite obviously, this regulation affects only the method of testing the equipment and does not impose any new evidentiary standards for showing that such tests have been complied with. That is a matter for determination under general evidence principles***.
In the case sub judice, the state presented the testimony of Trooper Fred Cook. Trooper Cook explained the calibration process and stated the BAC Datamaster machine is tested every seven days. T. at 44. Trooper Cook testified the last time it was tested prior to March 17, 2000 was on March 12, 2000 and he personally conducted the test. T. at 45. The test was in the target value range. Id. Trooper Cook testified the batch solution's target number "was .099 grams of alcohol by weight per 210 liters, plus or minus .005." T. at 44. The machine was then tested on March 19, 2000 by Trooper Goss and the records were all kept together in one log book. T. at 46, 49. Trooper Cook stated he had personal knowledge that Trooper Goss was certified to conduct the test because he saw his certificate. T. at 50, 51. Trooper Cook testified he had no reason to believe the machine was not working properly on March 17, 2000. T. at 46. In examining the transcript, we assume Trooper Cook testified from the log book; however, this fact is unclear. The state did not submit any documentation on the batch solution; no certified copy or even a plain copy. The state did not submit any documentation, original or copy thereof, on the issue of "senior operator." In fact, the state submitted no documents whatsoever. Based upon the very limited evidence presented in this case, we find the rational of Robbins to be more persuasive as applied to the facts sub judice. Upon review, we find the trial court erred in denying the motion to suppress. The sole assignment of error is granted.
The judgment of the Municipal Court of Fairfield County, Ohio is hereby reversed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.