OPINION
Appellant Regina Musick appeals the decision of the Licking County Municipal Court overruling her motion to suppress. Appellant also appeals her conviction based on the jury finding her guilty of violating R.C.4511.19(A)(1) and R.C. 4511.19(A)(6) as being against the manifest weight and sufficiency of the evidence. The following facts give rise to this appeal.
On January 27, 2001, at approximately 9:31 p.m., Trooper Eric Damron of the Ohio State Highway Patrol stopped appellant for speeding on Interstate 70. After further investigation, Trooper Damron arrested appellant for violating sections (A)(1) and (A)(6) of R.C. 4511.19. Appellant appeared at her arraignment on January 31, 2001, and entered a plea of not guilty. On February 22, 2001, appellant filed a motion to suppress and, among other things, argued that the state failed to substantially comply with the Ohio Department of Health regulations regarding breath alcohol testing.
The trial court conducted a hearing on appellant's motion on April 13, 2001. The trial court denied appellant's motion and concluded the state substantially complied with the Ohio Department of Health's regulations regarding breath alcohol testing. Thereafter, this matter proceeded to trial on June 7, 2001. Prior to the commencement of trial, defense counsel made a number of motions in an attempt to prevent the jury from being influenced by the chemical breath test result on the R.C.4511.19(A)(1) charge. The trial court denied the motions.
Following deliberations, the jury found appellant guilty of violating both R.C. 4511.19(A)(1) and R.C. 4511.19(A)(6). The trial court found appellant guilty of the speeding charge. On July 12, 2001, the trial court sentenced appellant to six days of incarceration, with three days credit for time served in a residential treatment program.
Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS.
 II. THE ERRONEOUS ADMISSION OF THE CHEMICAL BREATH TEST RESULT CONTRIBUTED TO DEFENDANT'S CONVICTION FOR VIOLATING R.C. § 4511.19(A)(1) AND, WITHOUT EXPERT TESTIMONY, ERRONEOUSLY INFLUENCED THE JURY.
 III. THE JURY VERDICT CONVICTING DEFENDANT OF VIOLATING R.C. § 4511.19(A)(1) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 I
In her First Assignment of Error, appellant maintains the trial court erred when it denied her motion to suppress because the state failed to show substantial compliance with the Ohio Department of Health's regulations regarding alcohol testing. We agree.
Appellant maintains the trial court committed an error at law when it permitted the state to establish the target value for the instrument check solution by an uncertified copy from the Ohio Department of Health and through the testimony of the Ohio State Highway Patrolman who performed the instrument check. Pursuant to this type of a challenge, we can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37, overruled on other grounds.
In support of this assignment of error, appellant argues only an original certificate, which is self-authenticating, or a copy certified by the custodian of the Ohio Department of Health is admissible into evidence under Evid.R. 902. Appellant further maintains, in the alternative, that the records custodian from the Ohio Department of Health could testify regarding the authenticity of the certificate or the individual who actually established the target value could testify how the target value for the instrument check solution was established. Specifically, appellant cites the case of State v. Brown (Apr. 13, 1992), Clairmont App. No. CA91-07-043, unreported, at 4, which held:
 Authentication of a `batch' certificate is a condition precedent to its admission into evidence at a suppression hearing. State v. Keating (Oct. 13, 1987), Stark App. No. CA-7148, unreported. Without a properly authenticated calibration certificate, the results of appellant's BAC verifier test cannot be admitted into evidence. City of Columbus v. Robbins
(1989), 61 Ohio App.3d 324; see, also, State v. Ward
(1984), 15 Ohio St.3d 355. Finding that a properly authenticated calibration solution certificate was not offered into evidence by the state, would hold that the BAC verifier results must be excluded.
The Brown decision referenced a decision rendered by this court in 1987. In the Keating case, we held that:
 * * * the "bottle and batch affidavit" sought to be admitted by the appellee was not separately authenticated. This authentication is a condition precedent to its admission at a suppression hearing. The appellee's failure to produce a properly authenticated document was a foundational requirement necessary for its admittance at the hearing to successfully prosecute the appellant on an R.C. 4511.19(A)(3) violation. Keating at 3.
We find the trial court should have sustained the motion to suppress the results of the breath test.
The first assignment of error is sustained.
 II
Appellant contends, in her Second Assignment of Error, that the trial court erred when it admitted the chemical breath test result which contributed to her conviction for violating R.C. 4511.19(A)(1). Appellant also maintains the state should have presented expert testimony as to the correlation between the test result of .211 and her impairment. We disagree with both arguments.
Because we find the results of the breath test are inadmissible because they are unreliable, we find the trial court should not have admitted the results for the charge of violating R.C. 4511.19 (A)(1).
The second assignment of error is sustained.
 III
In her Third Assignment of Error, appellant maintains the jury's verdict finding her guilty of operating a motor vehicle under the influence of alcohol was against the manifest weight of the evidence and was not supported by the sufficiency of the evidence.
In light of our rulings on the admissibility of the evidence, we find a review of the manifest weight and sufficiency of the evidence is premature and unnecessary at this time.
The assignment of error is moot.
For the foregoing reasons, the judgment of the Licking County Municipal Court, Licking County, Ohio, is hereby reversed and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By: GWIN, P.J. and FARMER, J., concur. WISE J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court, Licking County, Ohio, is reversed and remanded to the trial court for further proceedings in accord with law and consistent with this opinion.
Costs to appellee.