DECISION.
{¶ 1} Defendant-appellant, Kristina McEwen, was convicted of driving with a prohibited breath-alcohol content pursuant to R.C.4511.19(A)(6). In her sole assignment of error, she contends that the trial court erred in overruling her motion to suppress the results of the intoxilyzer test she had taken. She argues that the batch and bottle affidavit, which certified that the calibration solution was proper, was not properly authenticated. This assignment of error is not well taken.
 {¶ 2} After a defendant files a motion to suppress the results of a breath test, those results may be admitted into evidence only if the state shows that the breath was analyzed according to the methods approved by the Ohio Department of Health. Cincinnati v. Sand (1975), 43 Ohio St.2d 79,330 N.E.2d 908, paragraph two of the syllabus; State v. Cooper (1997),120 Ohio App.3d 284, 290-291, 697 N.E.2d 1049. Ohio Adm. Code3701-53-04(A)(2) provides that "[a]n instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health."
 {¶ 3} In this case, Officer Steve Edwards of the Cincinnati Police Department testified that, as part of his duties, he personally received the bottles of instrument-check solution and the related documentation. Specifically, he identified the batch and bottle affidavit at issue in this case, stating that he had received it from the department of health and had personally certified it.
 {¶ 4} The front of the batch and bottle affidavit bore the seal of the state of Ohio. Officer Edwards testified that the signature on the front of the affidavit, of Dr. Barrett, the director of the Ohio Department of Health, was a copy, and that it was always a copy. He was not certain whether the signatures that appeared on the reverse of the affidavit in this case, of Dean Ward of the Bureau of Alcohol Drug Testing and Beverlye Adams, a notary public, were original or were copies.
 {¶ 5} In State v. Veeneman (Dec. 12, 1984), 1st Dist. No. 840187, this court held that a batch and bottle affidavit that bore the signature of the Director of Alcohol Testing for the Ohio Department of Health, the certification of the traffic commander, and the seal of the state of Ohio was admissible into evidence. We stated that the document was self-authenticating as a domestic public document under seal pursuant to Evid.R. 902(A).
 {¶ 6} The affidavit in this case also bore the appropriate signatures and the seal of the state of Ohio. Consequently, under the holding of Veeneman, it was self-authenticating and, therefore, admissible into evidence.
 {¶ 7} Even if we had not so decided Veeneman, we would still hold that the affidavit was properly authenticated. In arguing that it was not, McEwen relies upon Columbus v. Robbins
(1989), 61 Ohio App.3d 324, 572 N.E.2d 777, and its progeny. InRobbins, the Tenth District Court of Appeals held that the admission of a document that purported to certify the solution used to calibrate the breath-testing instrument was improper. The court stated, "The document admitted at trial was not certified by ODH, but was only a copy of an uncertified ODH document maintained in the police files. While the document in question was attested by * * * the keeper of the calibration log book for that particular machine, it was not certified by ODH, as mandated by Evid.R. 1005 and 902. The fact that an uncertified document was sent to another agency who could certify that it was part of its official file does not eliminate the deficiency. Hence, the document does not comply with the requirements of Ohio Adm. Code3701-53-04." Id. at 328, 572 N.E.2d 777.
 {¶ 8} Some appellate courts have accepted this reasoning and have followed Robbins. See, e.g., State v. Lake,151 Ohio App.3d 378, 2003-Ohio-332, 784 N.E.2d 162; State v. Brown (Apr. 13, 1992), 12th Dist. No. CA91-07-043. Other courts, however, have disagreed. In State v. Easter (1991), 75 Ohio App.3d 22,598 N.E.2d 845, the Fourth District Court of Appeals held that Ohio Adm. Code 3701-53-04 does not mandate that the state submit a certified batch and bottle affidavit with an original signature. Instead, the rules of evidence regarding authentication of documents apply. Id. at 27-28, 598 N.E.2d 845.
 {¶ 9} The Easter court further stated, "We decline to adopt the holding in Robbins because of what appear to be several weak spots in the court's reasoning." Id. at 27, 598 N.E.2d 845. The court went on to state that the Robbins court had "implied that Evid.R. 902(4) and 1005 are the only rules under which these batch and bottle affidavits may be admitted. That proposition is soundly contradicted by a number of authorities which rely on various principles contained in Evid.R. 901 and 902 to authenticate such items." Id.
 {¶ 10} Specifically, the Easter court stated that a writing might be authenticated under Evid.R. 901(B)(1) by testimony of a witness with firsthand knowledge of the execution, preparation or custody of the writing. In Easter, two state troopers testified that they had been responsible for maintaining records received from the department of health. Neither trooper claimed to have had personal knowledge of how, or from whom, the batch and bottle affidavit had come into the possession of the local patrol post. Nevertheless, the court held that their testimony could have authenticated the affidavit. Their testimony "was sufficient to establish custody of those records and, thus, lay a foundation from which the trier of fact could reasonably find the batch and bottle affidavits to be authentic." Id. at 26, 598 N.E.2d 845.
 {¶ 11} Additionally, the Easter court held that copies of batch and bottle affidavits that are not duplicate originals are admissible. "Evid.R. 1003 allows for the admission of duplicates unless there is a `genuine' question as to authenticity or its admission, in lieu of the original, would be unfair. * * * Mere speculation that the proffered document is not a proper duplicate is insufficient, * * * as is a general attack on the prosecution's failure to introduce the original." Id. at 26-27,598 N.E.2d 845.
 {¶ 12} Several appellate courts have adopted the Easter
court's reasoning or have applied similar reasoning. See Statev. Heiney, 11th Dist. No. C-2000-P-0081, 2001-Ohio-4287; Statev. Wessel (Jan. 29, 2001), 5th Dist. No. 2000CA59; State v.Cady (Apr. 5, 1999), 12th Dist. No. CA97-09-102; Brook Park v.Seidner (Nov. 12, 1998), 8th Dist. No. 73648. We agree with those courts. Consequently, in this case we hold that Officer Edwards's testimony as custodian of the batch and bottle affidavit was sufficient to authenticate the writing under the Ohio Rules of Evidence.
 {¶ 13} Further, the admission of a duplicate in lieu of the original batch and bottle affidavit in this case was not an abuse of discretion. See Easter, supra, at 27, 598 N.E.2d 845; Natl.City Bank v. Fleming (1981), 2 Ohio App.3d 50, 57,440 N.E.2d 590. McEwen failed to show that a genuine question existed as to its authenticity or that its admission was unfair.
 {¶ 14} Accordingly, the trial court did not err in denying McEwen's motion to suppress the intoxilyzer results. We overrule her assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Sundermann, P.J., Hildebrandt and Doan, JJ.