OPINION
{¶ 1} Defendant-appellant, Christopher Linz, appeals a decision of the Clinton County Municipal Court denying his motion to suppress evidence of his breath testing after he was charged with driving under the influence.
 {¶ 2} At approximately 1:30 in the morning on December 22, 2002, Trooper Roger Pohlman observed appellant's vehicle travel left of center several times. The trooper stopped the vehicle and appellant exhibited characteristics of intoxication. Appellant was arrested for driving under the influence and taken to the Blanchester Police Department for a breathalyzer test. The test results were .166, and appellant was charged with driving under the influence in violation of R.C. 4511.19(A)(1) and4511.19(A)(3).
 {¶ 3} Appellant filed a motion to suppress evidence, including evidence obtained as a result of the stop, testing and arrest. After a hearing, the trial court denied the motion, finding probable cause for the stop and arrest, and that the testing was properly performed. Appellant subsequently pled no contest to the (A)(3) charge and the (A)(1) charge was dismissed. The trial court found appellant guilty and he was sentenced accordingly. Appellant now appeals the trial court's determination regarding the breathalyzer test results, raising the following single assignment of error:
 {¶ 4} "The trial court erred in denying appellant's motion to suppress the bac verifier test results after the state failed to produce proper evidence at the suppression hearing of its compliance with the Ohio Department of Health regulations for calibration of the breath test machine."
 {¶ 5} When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. Statev. Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. State v.Retherford (1994), 93 Ohio App.3d 586, 592. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691.
 {¶ 6} Appellant contends that the trial court erred in finding that the state met its burden of substantial compliance with Ohio Adm. Code 3701-53-04(A). He contends that once he pled "specifically how the test solution was inaccurate and untrustworthy, the state had the burden of showing substantial compliance with this rule, and the state failed to do so."
 {¶ 7} A motion to suppress must state its legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided. State v.Shindler, 70 Ohio St.3d 54, 1994-Ohio-452. Once a defendant sets forth a sufficient basis for a motion to suppress, the burden shifts to the state to demonstrate proper compliance with the regulations involved. State v. Plummer (1986),22 Ohio St.3d 292, 294. In driving under the influence cases, if a motion sufficiently raises an issue involving the applicable regulations, the state must then show substantial compliance with the regulation at issue. Plummer at 294.
 {¶ 8} However, the burden to establish substantial compliance only extends to the level with which the defendant takes issue with the legality of the test. State v. Johnson (2000),137 Ohio App.3d 847, 852. Therefore, when a defendant's motion only raises issues in general terms, the state is only required to demonstrate compliance in general terms. Id. at 851. Specific evidence is not required unless the defendant raises a specific issue in his motion. Id.
 {¶ 9} As these rules relate to driving under the influence cases, a motion alleging the specific Ohio Administrative Code sections a defendant feels were violated sufficiently raises issues for a court's consideration. Shindler at 57. However, the state's burden to show compliance in regards to such a general allegation is slight, and requires only the amount of specificity as stated in the motion. Johnson at 851-52. Unless a motion raises a specific requirement of a regulation in detail, the state is not required to present specific evidence on that issue, but only need present general testimony that there was compliance with the requirements of the regulation. Id. Once the state has established substantial compliance and created a presumption of admissibility, the burden then shifts to the defendant to rebut the presumption by demonstrating that he was prejudiced by anything less than substantial compliance. Statev. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372.
 {¶ 10} Turning to the facts of the case at bar, appellant contends that his motion specifically raised the issue of whether the testing solution used was approved by the director of health. Ohio Adm. Code 3701-53-04 requires breath-testing instruments to be checked on a regular basis to ensure the reliability of the test results. This provision specifies numerous requirements a law enforcement agency must comply with in order to ensure reliability of the testing instrument.
 {¶ 11} On appeal, appellant argues that his motion specifically raised the issue of whether the solution used was "an instrument check solution containing ethyl alcohol approved by the director of health" as required in Ohio Adm. Code3701-53-04(A)(2). We disagree. The only portion of appellant's motion related to the breath testing instrument states simply that "[t]he solution used to calibrate the testing instrument was invalid and not properly maintained in accordance with Ohio Adm. Code 3701-53-01, et seq." This general allegation does not specifically mention the requirement that the solution be approved by the director of health. Appellant's motion does not specifically state that the solution was not approved by the director of health, only that it was "invalid," which could encompass any of the several requirements related to breath testing solution. Nor does the general reference to "3701-53-01et seq." (emphasis added) specifically allege a provision that was not complied with. Instead, such a broad reference refers to the entire chapter of administrative code provisions dealing with alcohol and drug testing.
 {¶ 12} Therefore, we find that the motion to suppress did not allege the issue of whether the testing solution was approved by the director of health with the requisite sufficiency to require the state to establish this particular fact. Instead, the state was only required to show generally that the testing solution was valid. However, we find that even if the specific issue had been properly raised in the motion, the state's testimony not only met the general requirements, but also the specific requirements alleged by appellant above.[1]
 {¶ 13} The state's witness testified that the calibration check was performed in accordance with the Ohio Department of Health rules. He further specifically stated that he is a senior operator on the machine and discussed the type of testing instrument used, the most recent calibration check, radio interference checks, solution batch number and solution expiration date. He also produced a copy of the solution calibration certificate that was in the department's logbook. He further testified specifically regarding how the last calibration check was performed, the expiration date of the solution and other specifics related to testing of the machine. This testimony was more than sufficient to establish the validity of the testing solution.
 {¶ 14} On appeal, appellant also contends that the trial court erred in finding that the calibration solution certificate offered by the state was properly authenticated because the certificate was not certified. As authority for this proposition, appellant cites this court's decision in State v. Brown (Apr. 13, 1992), Clermont App. No. CA91-07-043, and a decision of the Tenth District in Columbus v. Robbins (1989),61 Ohio App.3d 324. In Brown, we determined that a solution calibration certificate was not properly authenticated. However, the reasoning in that case involved the lack of authentication regarding the accuracy of the copy, not the fact that the certificate was not certified. Id.
 {¶ 15} Subsequent to Brown, this court specifically determined that the state is not required to produce certified copies of documents relating to breath-testing equipment and solution. State v. Cady (Apr. 5, 1999), Warren App. No. CA97-09-102. In so doing, we specifically declined to adopt the reasoning as set forth in Robbins. Several other Ohio appellate districts have also found that certified copies are not required. See State v. McEwen, Hamilton App. No. C-030285,2004-Ohio-1488, and cases cited therein.
 {¶ 16} In this case, the officer testified that the copy of the certificate was a true and accurate copy of the certificate kept in the logbook. Therefore, we find no merit to appellant's argument that the certificate was not properly authenticated. Appellant's assignment of error is overruled.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] We further note that although not alleged specifically in his motion, appellant could properly question the state's witnesses regarding specific issues related to the solution on cross-examination, and in fact, did so in this case.