JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Pursuant to Crim. R. 12(K), plaintiff-appellant, the state of Ohio, appeals from a judgment of the trial court granting a motion to suppress filed by defendant-appellee, Angela Perkins. We affirm that judgment in part and reverse it in part.
The record shows that Perkins was charged with driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1), driving with a prohibited breath-alcohol content pursuant to R.C. 4511.19(A)(3), and failure to control pursuant to R.C. 4511.202. She filed a motion to suppress an intoxilyzer test she had taken and other evidence allegedly obtained in violation of her rights.
The hearing on the motion to suppress was continued numerous times, primarily because a key state's witness was not present. This witness was Officer Edwards, who was going to testify regarding the intoxilyzer test. In the meantime, the court heard testimony from the arresting officer and an eyewitness.
Finally, the court ordered the state to have Officer Edwards present to testify at the next hearing date at 10:30 a.m. When that time came, Officer Edwards did not appear. The prosecutor informed the court that the officer was "on call" and requested time to call him to court. The trial court denied the request because the state had not complied with its order. It then granted Perkins's motion to suppress in its entirety. This appeal followed.
The state presents six assignments of error, which we address out of order. In its fifth assignment of error, the state contends that the trial court erred in "denying the state a brief continuance to call an on duty police officer to court on the same date needed for court." This assignment of error is not well taken.
The decision whether to grant or deny a continuance lies within the trial court's discretion. In deciding whether to grant a continuance, the court may consider several factors: the length of the delay requested, prior continuances, inconvenience, the reasons for the delay, whether the defendant contributed to the delay, and other relevant factors. State v. Landrum (1990),53 Ohio St.3d 107, 559 N.E.2d 710; State v. Martin (Oct. 24, 1997), 1st Dist. No. C-960563.
The case was continued numerous times for the state to obtain the presence of Officer Edwards. Finally, after many months of delay, the court ordered the state to have him present on a particular date at 10:30 a.m. The state had numerous opportunities to have the witness present, yet he did not appear as the court had ordered. Under the circumstances, the trial court's decision to allow no further continuances was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See State v. Clark, 71 Ohio St.3d 466,1994-Ohio-43, 644 N.E.2d 331. Accord State v. Schackelford
(Mar. 31, 1999), 2nd Dist. No. 98 CA 82. We overrule the state's fifth assignment of error.
In it sixth assignment of error, the state contends the trial court abused its discretion in granting the defendant's motion to suppress. It contends that the reason the court granted the motion was because the state had refused the defendant's offer to plead guilty to a reduced charge. Though the record shows that the court did express frustration at the state's refusal to enter a plea bargain, the record is clear that the court granted the motion to suppress because of the witness's failure to appear. Accordingly, we overrule the state's sixth assignment of error.
In its third assignment of error, the state contends that the trial court erred in granting the motion to suppress because the evidence showed that the intoxilyzer test was properly administered. In its fourth assignment of error, the state contends that the trial court erred in granting the motion to suppress because the intoxilyzer was in proper working order and was properly calibrated. These assignments of error are not well taken.
After the defendant files a motion to suppress the results of a breath test, those results may be admitted into evidence only if the state shows that the breath was analyzed according to the methods approved by the Ohio Department of Health. Cincinnati v.Sand (1975), 43 Ohio St.2d 79, 330 N.E.2d 908; State v.McEwen, 1st Dist. No. 030285, 2004-Ohio-1488. Without Officer Edwards's testimony, the state could not meet its burden to show that police officers followed the Department of Health regulations. Therefore, the trial court did not err in granting the motion to suppress as it related to the result of the intoxilyzer test. See State v. Cooper (1997),120 Ohio App.3d 284, 697 N.E.2d 1049; McEwen, supra. We overrule the state's third and fourth assignments of error.
Nevertheless, we hold that the trial court erred in granting the motion to suppress in its entirety. In its first assignment of error, the state argues that the trial court erred in granting the motion to suppress because probable cause existed to arrest Perkins for driving under the influence of alcohol. We agree that probable cause existed and that Perkins's detention and arrest did not violate her rights.
After the defendant establishes that a warrantless search or seizure occurred, the prosecution bears the burden to show that the search or seizure was proper under the Fourth Amendment, including that probable cause existed. Xenia v. Wallace (1988),37 Ohio St.3d 216, 524 N.E.2d 889; State v. Baker (1993),87 Ohio App.3d 186, 621 N.E.2d 1347, limited on other grounds inState v. Cragwell (June 26, 1996), 1st Dist. No. 950840; Statev. Wolde (Feb. 19, 1997), 1st Dist. No. 960469. While the state did not present the testimony of Officer Edwards, it did present the testimony of an eyewitness and the arresting officer. That testimony allowed the state to meet its burden.
The evidence showed that Perkins was involved in single-car accident. She told fire department personnel that she was fine, and she did not appear to be injured. The arresting officer arrived on the scene and read Perkins her rights under Mirandav. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602. She then admitted to driving the car and consuming alcoholic beverages. She stated, "I'm sorry, I know I am drunk and I know you know I'm drunk."
The officer smelled a moderate odor of alcohol emanating from Perkins's breath and body. He observed that her eyes were bloodshot and watery and that her speech was slurred. She stumbled and almost fell as she spoke to the officer. The officer then administered four field sobriety tests, two of which, in the officer's opinion, she failed.
Thus, the officer had sufficient facts within his knowledge to warrant a prudent individual in believing that Perkins had been operating a vehicle while under the influence of alcohol. Therefore, he had probable cause to arrest her. See State v.Heston (1972), 29 Ohio St.2d 152, 280 N.E.2d 376; State v.Hummel 154 Ohio App.3d 123, 2003-Ohio-4602, 796 N.E.2d 558;State v. Kiefer, 1st Dist. No. C-030205, 2004-Ohio-5054.
Further, the record shows that the police did not otherwise violate Perkins's rights under either the Fourth or the Fifth Amendment. See Kiefer, supra; State v. Cedeno (Oct. 23, 1998), 1st Dist. No. 970465. Consequently, the trial court erred in granting Perkins's motion to suppress as it related to evidence other than the intoxilyzer test. Accordingly, we sustain the state's first assignment of error. We affirm the trial court's judgment in part, reverse it in part, and remand the case for further proceedings consistent with this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.